## PULLMAN CO. v. JORDAN.

(Circuit Court of Appeals, Fifth Circuit. November 9, 1914.)

### No. 2710.

**1. Depositions (§ 55*)—Grounds for Suppression—Failure to Conform to Notice as to Time of Taking.**

Plaintiff, in an action in a federal court in Alabama, elected to take a deposition in accordance with the state law, as authorized by Act March 9, 1892, c. 14, 27 Stat. 7 (Comp. St. 1913, § 1476). Code Ala. 1907, § 4032, as amended in 1911 (Gen. Acts 1911, p. 488) provides that the adverse party at the time of filing cross-interrogatories may demand notice of the time and place of taking the deposition, and may attend and cross-examine the witness orally; also that on failure to give the notice when required the deposition shall be suppressed. Plaintiff gave the notice as demanded by defendant, but the return of the commissioner, which, as required, stated the time and place of taking the deposition, showed that the time was several weeks after that stated in the notice. *Held*, that under the limitation created by the notice, the return did not show that the deposition was taken under the authority conferred on the commissioner, and that the overruling of a timely motion to suppress the deposition was prejudicial error.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 120–124; Dec. Dig. § 55.*

Conformity to state practice, see notes to O'Connell v. Reed, 5 C. C. A. 602; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392; Diamond Coal & Coke Co. v. Allen, 71 C. C. A. 110.]

**2. Depositions (§ 56*)—Alabama Statute—Sufficiency of Demand for Notice of Time and Place.**

That the written demand for notice was addressed to the plaintiff in another suit and to her attorneys, who were, however, the same attorneys who appeared in both cases, was immaterial, where the notice was attached to and filed with the cross-interrogatories, and in view of the fact that the notice demanded was given by such attorneys.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 90–117; Dec. Dig. § 56.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by C. C. Jordan against the Pullman Company. Judgment for plaintiff, and defendant brings error. Reversed.

Forney Johnston, of Birmingham, Ala., for plaintiff in error.
S. L. Sinnott, of Birmingham, Ala., for defendant in error.

Before WALKER, Circuit Judge, and SHEPPARD and CALL, District Judges.

WALKER, Circuit Judge. The plaintiff below (defendant in error here), in the proceedings adopted for securing the testimony of Dr. John A. Lenfestey, elected, as under the statute he had the right to do, to follow the mode prescribed by the laws of Alabama, the state in which the court was held. 3 Fed. Stat. Anno. 22; 27 Stat. L. 7. Having so elected, it was incumbent upon him to proceed in conformity with the requirements of the state law as to the mode of procuring the deposition. R. S. U. S. § 914, 3 Fed. Stat. Anno. 10 (Comp. St. 1913, § 1537). The Alabama statute, which was undertaken to be followed in taking the deposition of the witness on written interrogatories, contains the following provisions, which are made applicable when the opposing party has not taken the steps required to have the deposition taken orally:

"If the party, at the time of filing cross-interrogatories, demands notice of the time and place of taking the deposition, it shall be the duty of the commissioner, or the attorney for the party taking the deposition, to give such party, or his attorney, such notice of the time and place of the taking of the deposition as will enable him to be present, if he so desires. On failure to give notice herein required of the residence of the witness and the commissioner, unless the same be waived by the adverse party, the deposition of such witness must be suppressed at the cost of the party taking it. Provided, however, that no such oral examination shall be had in cases involving less than five thousand dollars, or in cases involving the title to land or specific personal property; and provided, further, that in all cases in which testimony is to be taken by interrogatories, the party against whom the testimony is proposed to be taken shall within the time allowed to file cross-interrogatories have the right to demand reasonable notice of the time and place of taking the testimony and to attend such examination and cross-examine the witness or witnesses orally. And, in the event of such oral cross-examination the other party to the cause may, at the same time and place, on the conclusion of such oral cross-examination, examine the witness orally in rebuttal." Code of Alabama 1907, § 4032, as amended; General Acts of Alabama, 1911, pp. 487, 489.

The defendant below, on September 27, 1913, filed with the cross-interrogatories propounded by him to the witness mentioned a written demand:

"That notice of the time and place of taking the deposition of Dr. John A. Lenfestey, in accordance with the interrogatories propounded to said witness by the plaintiff and cross-interrogatories attached hereto and propounded by defendant to said witness, be given the defendant's attorney. in order that defendant's attorney or attorneys may be present at the taking of such deposition, if they so desire, and cross-examine the said witness, if they desire to do so."

On the same day the plaintiff's counsel in Birmingham gave notice to the defendant's counsel in Birmingham that the deposition of the witness Lenfestey would be taken at a specified place in Mt. Clemens, Mich., at 3 p. m. on September 30, 1913. The deposition was not taken at the time and place stated in this notice. The return of the commissioner named to take the deposition was dated November 7, 1913, and was as follows (omitting the commissioner's signature and his statement of the fees of himself and the witness):

"The undersigned commissioner, in said commission named, hereby certifies that I am personally acquainted with the said witness, Dr. John A. Lenfestey, and know him to be the identical person named in said commission; that he was sworn and examined as above stated, and that his evidence was taken down as near as might be in his own language, and was subscribed by him in my presence, on this seventh day of November, A. D. 1913, at the city of Mount Clemens, Macomb county, Michigan, and that I am not of counsel or of kin to said witness or any of the parties to the said cause, or in any manner interested in the result thereof."

[1] Under the Alabama statute governing the certificate or return to be made by the commissioner, the time and place of taking the deposition must be shown. Code of Alabama 1907, § 4040; Thrasher v. Ingram, 32 Ala. 645. There is an additional reason for enforcing a compliance with this requirement when the party against whom the deposition is proposed to be used has exercised the statutory right of requiring notice to be given him of the time and place of taking the deposition. Birmingham Union Railway Co. v. Alexander, 93 Ala. 133, 9 South. 525. The making of such a demand has the effect of putting a limitation upon the authority of the commissioner to take the deposition. When that statutory right has been exercised, the commissioner's certificate or return does not show that the deposition was taken under the authority conferred upon him, when it fails to show that it was taken at the time and place stated in the notice given.

When the case was called for trial, and before either the plaintiff or the defendant had announced ready for trial, the defendant moved the court to suppress the deposition above mentioned, assigning as grounds of the motion the absence of notice to the defendant of the time and place of taking the deposition, and that the return of the commissioner did not comply with the requirements of the law. The court overruled the motion. The motion was made in due time. The Alabama statute provides that:

"All objections to the admissibility of the entire deposition in evidence must be made before entering on the trial, and not afterwards, unless the matter is not disclosed in the deposition and appears after the commencement of the trial." Code of Alabama 1907, § 4042.

The motion would have been in due time if it had been made after the parties had announced ready for trial, but before the trial was entered upon. National Fertilizer Co. v. Holland, 107 Ala. 412, 18 South. 170, 54 Am. St. Rep. 101. As the statute distinctly specifies the time within which such a motion may be made, it cannot be held that it should be repeated, or that the ground of objection it states to the deposition as a whole should be presented in any other way, at a later stage of the trial. It is a manifest purpose of the statute under

which the above-mentioned demand of notice by the defendant was given to prohibit the taking of the deposition without a substantial compliance with such demand, unless such compliance is waived. A deposition is subject to be suppressed if it is taken at a time and place other than those fixed as authorized by law. Collins v. Fowler, 4 Ala. 647; Jordan v. Hazard, 10 Ala. 221; Herndon v. Givens, 16 Ala. 261; Bennett v. Bennett, 37 W. Va. 396, 16 S. E. 638, 38 Am. St. Rep. 47; 13 Cyc. 915, 916. Assuming, without conceding, that it would have been permissible to examine the witness at a later day than that named in the notice served upon the counsel for the defendant if the commissioner had, at the time and place named, postponed or adjourned the taking of the deposition, yet there was no evidence, either in the commissioner's return or elsewhere, to support the conclusion that there was such an adjournment, or that the commissioner, the witness, or any one connected in any way with the case, appeared at the time and place stated in the notice. The commissioner's return does not, in any way, indicate that the deposition was taken at the time and place stated in the notice served upon the defendant's counsel, or that he made any pretense of a compliance with the terms of it. The legitimate conclusion from what the certificate or return says and fails to say is that the deposition was taken at a time other than that stated in the notice, and without there having been any compliance with the demand of notice made by the defendant, or a waiver of the requirement by the defendant. No argument is needed to enforce the conclusion that the failure to give the defendant notice as demanded had the effect of depriving it of a substantial right. A party's right to be present in person or by counsel when a witness offered by his opponent is to be examined and to cross-examine the witness orally is of obvious importance to him for the maintenance of his claim or defense. What has been said above is enough to show that the defendant had that right, and the proceedings above mentioned show that it was deprived of that right by the action of the court in overruling the motion to suppress the deposition. The motion was well taken on both of the grounds assigned in support of it.

[2] Based upon the fact that the defendant's written demand of notice of the time and place of taking the deposition of the witness Lenfestey was addressed "to Mrs. C. C. Jordan and to Messrs. Howard, Sinnott & Keene, her attorneys," it is suggested that the notice was not given in this case, but in a case brought by the plaintiff's wife against the same defendant. In the light of the facts that the notice was attached to and filed with the cross-interrogatories propounded in this case to the witness mentioned, and that the attorneys for the defendant in this case acted on the demand by giving a notice of the taking in this case of the deposition at a time and place at which it was not taken, it is obvious that the mistake made in the way the demand was addressed was fully corrected by the terms of the demand and the circumstances of the making of it. There is no warrant for finding otherwise than that the demand was made in this case, that it had reference to the taking of the deposition of the witness named on direct and cross-interrogatories to him filed in this case, and that it

was so understood and acted on by the attorneys for the plaintiff in this case.

There is no merit in the suggestion that if the court erred in overruling the motion to suppress the deposition, the error was a nonprejudicial one. At a former term of the court the plaintiff had procured a continuance of the case because the deposition of the witness in question had not then been taken and returned. This showed the estimate of himself or of his counsel of the materiality and importance of that testimony. The witness was a physician, by whom the plaintiff sought to prove that ailments of the plaintiff's wife were attributable to the incident complained of, and the nature and gravity of those ailments, testified by the witness to have been disclosed on an examination made by him a few days after the incident; the testimony of the witness tending to prove that those ailments had not made their appearance prior to the incident in question. There is no support for the contention that the case as it was presented to the jury would have been practically the same if the deposition in question had not been admitted. Plainly that deposition was an important feature of the plaintiff's case as it was presented to the jury. The plaintiff in error, in insisting that the judgment should be reversed because of the error committed in overruling its motion to suppress the deposition, is not complaining of something which apparently could not have affected the result of the trial. On the contrary, the conclusion is well warranted that the testimony improperly admitted probably contributed materially to the plaintiff's success in the trial. It follows that the error of the court in that regard must be held to have been one calling for a reversal of the judgment.

Other questions presented for review are such that they are not likely to arise in another trial, and it is not deemed necessary to make mention of them.

For the error above pointed out, the judgment is reversed and the case is remanded for a new trial.