## COGEN *v.* UNITED STATES.

No. 89.   Argued November 20, 1928.—Decided January 2, 1929.

222

*Mr. Sanford H. Cohen* for petitioner.

*Solicitor General Mitchell, Assistant Attorney General Mabel Walker, Willebrandt,* and *Messrs. George C. Butte* and *John J. Byrne* were on the brief for the United States.

Mr. JUSTICE BRANDEIS delivered the opinion of the Court.

Cogen, with others as codefendants, was indicted in the federal court for southern New York on a charge of conspiracy to violate the National Prohibition Act. Before the indictment, certain papers had been taken from his person without a warrant. After the indictment and before trial, he applied to that court, in the criminal case, for an order requiring the United States Attorney to return the papers; and to suppress all evidence obtained therefrom, on the ground that the search and seizure had been in violation of his constitutional rights. The application was denied. Before the trial of the cause, Cogen sued out a writ of error from the Circuit Court of Appeals. It dismissed the writ, holding that the order sought to be reviewed was interlocutory and hence not appealable. 24 F. (2d) 308. This Court granted a writ of certiorari. 277 U. S. 579. The sole question for decision is whether the order of the District Court is a final judgment within the meaning of § 128 of the Judicial Code.

Cogen claims that it is final, contending that his application for surrender of the papers is a collateral matter, distinct from the general subject of the litigation; and that the order thereon finally settled the particular controversy. He argues that, being so, it falls, like the orders in *Forgay* v. *Conrad,* 6 How. 201, 203–204; *Trustees* v. *Greenough,* 105 U. S. 527, 531; and *Williams* v. *Morgan,* 111 U. S. 684, 699, within the exception to the general rule which limits the right of review to judgments which are

both final and complete. See *Collins* v. *Miller*, 252 U. S. 364, 370; *Oneida Navigation Corp'n* v. *W. & S. Job & Co.*, 252 U. S. 521.

It is true that the order deals with a matter which, in one respect, is deemed collateral. As was said in *Segurola* v. *United States*, 275 U. S. 106, 111–112: " . . . a court, when engaged in trying a criminal case, will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence, because the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it." Hence, a defendant will, ordinarily, be held to have waived the objection to the manner in which evidence has been obtained unless he presents the matter for the consideration of the court seasonably in advance of the trial; and he does this commonly by a motion made in the cause for return of the property and for suppression of the evidence. The rule is one of practice; and is not without exceptions. See *Gouled* v. *United States*, 255 U. S. 298, 305; *Agnello* v. *United States*, 269 U. S. 20, 34–35; *Panzich* v. *United States*, 285 Fed. 871, 872.

It is not true that the order on such a motion deals with a matter distinct from the general subject of the litigation. Usually the main purpose of the motion for the return of papers is the suppression of evidence at the forthcoming trial of the cause. The disposition made of the motion will necessarily determine the conduct of the trial and may vitally affect the result. In essence, the motion resembles others made before or during a trial to secure or to suppress evidence, such as applications to

suppress a deposition, *Grant Bros.* v. *United States,* 232 U. S. 647, 661–662; *Pullman Co.* v *Jordan,* 218 Fed. 573, 577; to compel the production of books or documents, *Pennsylvania R. R. Co.* v. *International Coal Mining Co.,* 156 Fed. 765; for leave to make physical examination of a plaintiff, *Union Pacific Ry. Co.* v. *Botsford,* 141 U. S. 250; or for a subpoena *duces tecum, Murray* v. *Louisiana,* 163 U. S. 101, 107; *American Lithographic Co.* v. *Werckmeister,* 221 U. S. 603, 608–610. The orders made upon such applications, so far as they affect the rights only of parties to the litigation, are interlocutory. Compare *Alexander* v. *United States,* 201 U. S. 117. It is only when disobedience happens to result in an order punishing criminally for contempt, that a party may have review by appellate proceedings before entry of the final judgment in the cause. *Union Tool Co.* v. *Wilson,* 259 U. S. 107 110–111.

It is not true that the decision on such a motion for the return of papers necessarily settles the question of their admissibility in evidence. If the motion is denied, the objection to the admissibility as evidence is usually renewed when the paper is offered at the trial. And, although the preliminary motion was denied, the objection made at the trial to the admission of the evidence may be sustained. For as was said in *Gouled* v. *United States,* 255 U. S. 298, 312–313: ". . . where, in the progress of a trial, it becomes probable that there has been an unconstitutional seizure of papers, it is the duty of the trial court to entertain an objection to their admission or a motion for their exclusion and to consider and decide the question as then presented, even where a motion to return the papers may have been denied before trial." Upon a review of the final judgment against the defendant, both the refusal to order return of the property and its admission in evidence are commonly assigned as errors. See *Weeks* v. *United States,* 232 U. S. 383, 387–389; *Byars* v. *United States,* 273

U. S. 28, 29; *Marron v. United States*, 275 U. S. 192, 193-194.[1]  Compare *Adams v. New York*, 192 U. S 585, 594.

Motions for the return of papers and the suppression of evidence made in the cause in advance of the trial, under this rule of practice, must be differentiated from independent proceedings brought for a similar purpose.  Where the proceeding is a plenary one, like the bill in equity in *Dowling v. Collins*, 10 F. (2d) 62, its independent character is obvious; and the appealability of the decree therein is unaffected by the fact that the purpose of the suit is solely to influence or control the trial of a pending criminal prosecution.  Applications for return of papers or other property may, however, often be made by motion or other summary proceeding, by reason of the fact that the person in possession is an officer of the court. ' See *United States v. Maresca*, 266 Fed. 713; *United States v. Hee*, 219 Fed. 1019, 1020.  Compare *Weinstein v. Attorney General*, 271 Fed. 673.  Where an application is filed in that form, its essential character and the circumstances under which it is made will determine whether it is an independent proceeding or merely a step in the trial of the criminal case.  The independent character of the summary proceedings is clear, even where the motion is filed in a criminal case, whenever the application for the papers or other property is made by a stranger to the litigation, compare *Ex parte Tiffany*, 252 U. S. 32; *Savannah v. Jesup*, 106 U. S. 563; *Gumbel v. Pitkin*, 113 U. S. 545; or wherever the motion is filed before there is any indictment or information against the movant, like the motions in *Perlman v. United States*, 247 U. S. 7 and *Burdeau v. McDowell*, 256 U. S. 465; or wherever the criminal proceeding contemplated or pending is in another court, like the motion in *Dier v. Banton*, 262 U. S. 147; or wherever

---

[1] Also *Murby v. United States*, 293 Fed. 849, 851; *Bell v. United States*, 9 F. (2d) 820.  Compare *Giles v. United States*, 284 Fed. 208, 209; *Shields v. United States*, 26 F. (2d) 993.

the motion, although entitled in the criminal case, is not filed until after the criminal prosecution has been disposed of, as where under the National Prohibition Act a defendant seeks, after acquittal, to regain possession of liquor seized.[2] And the independent character of a summary proceeding for return of papers may be so clear, that it will be deemed separate and distinct, even if a criminal prosecution against the movant is pending in the same court. This was true in *Essgee Co.* v. *United States,* 262 U. S. 151, where the petition was entitled as a separate matter and was referred to by the court as a special proceeding.

Motions for the return of property, made in connection with a motion to quash a search warrant issued under the National Prohibition Act, may be independent proceedings, but are not necessarily so. By Act of October 28, 1919, c. 85, Title II, § 25, 41 Stat. 305, 315 and Espionage Act, June 15, 1917, c. 30, Title II, § 16, 40 Stat. 217, 229, Congress made specific provision, by an independent proceeding, for the vacation of a warrant wrongfully issued and for return of the property.[3] *Dumbra* v. *United States,* 268 U. S. 435, was such a case. *Steele* v. *United States, No. 1,* 267 U. S. 498, was also, so far as disclosed by the record in this Court.[4] Because it appeared to be such, the order therein denying the application was held in *Steele* v. *United States, No. 2,* 267 U. S. 505, to be *res judicata,* on the trial of the information filed after the seizure for un-

[2] *In re Brenner,* 6 F. (2d) 425; *Dickhart* v. *United States,* 16 F. (2d) 345. See *Mellet & Nichter Brewing Co.* v. *United States,* 296 Fed. 765, 770.

[3] See *Gallagher* v. *United States,* 6 F. (2d) 758; *United States* v. *Casino,* 286 Fed. 976.

[4] The fact that, on the docket of the District Court, the motion to vacate the search warrant appears to have been filed in the criminal case and to have been disposed of there, has been brought to our attention through the diligence of Cogen's counsel. But this fact was not disclosed by the records or briefs in either of the *Steele* cases.

lawful possession of the liquor.[5] But a motion for the return of property, although connected with a motion to quash a search warrant, may, if made in the same court in which a criminal proceeding is pending, be so closely associated with the criminal proceeding as to be deemed a part of it. Thus, where the motion to quash the search warrant and for return of the property is made by a party to the cause, is filed in the cause and seeks suppression of the evidence at the trial, it is apparent that the motion to quash the search warrant is an incident merely; that the real purpose of the application is to suppress evidence; and that it is but a step in the criminal case preliminary to the trial thereof. Circumstances may make this clear, even if the motion does not specifically pray for suppression of the evidence. In all such cases the order made on the motion is interlocutory merely.[6]

Where in cases arising under the National Prohibition Act a defendant seeks to obtain, by motion in advance of trial, return of property which was not seized under a search warrant, the interlocutory character of the order entered thereon is ordinarily clear.[7] This is true of the order here in question. The motion was not for the return of papers seized under a search warrant. It was filed in the criminal case after the indictment and before

---

[5] *Voorhies* v. *United States*, 299 Fed. 275; *In re No. 191 Front St.*, 5 F. (2d) 282; *In re Hollywood Cabaret*, 5 F. (2d) 651; *United States* v. *Kirschenblatt*, 16 F. (2d) 202, are cases of the same character. The motion filed in the criminal case passed on in *Dowling* v. *Collins*, 10 F. (2d) 62, was assumed by the Circuit Court of Appeals to be so. Compare *Veeder* v. *United States*, 252 Fed. 414.

[6] See *Coastwise Lumber & Supply Co.* v. *United States*, 259 Fed. 847; *United States* v. *Broude*, 299 Fed. 332; *Jacobs* v. *United States*, 8 F. (2d) 981. Compare *Jacobs* v. *United States*, 24 F. (2d) 981.

[7] See *United States* v. *Maresco*, 266 Fed. 713, 719; *United States* v. *Marquette*, 270 Fed. 214; *United States* v. *Mattingly*, 285 Fed. 922. Compare *Croocker* v. *Knudsen*, 232 Fed. 857; *Fries* v. *United States*, 284 Fed. 825.

trial. It seeks not only return of the papers, but the suppression of all evidence obtained therefrom. And such suppression of evidence appears to be its main, if not its only purpose. The appeal was properly dismissed by the Circuit Court of Appeals.

*Affirmed.*