## UNITED STATES v. BUNNELL et al.
### No. 1862.

District Court, D. Idaho, S. D.
March 26, 1929.

H. E. Ray, U. S. Dist. Atty., and Sam S. Griffin, Asst. U. S. Dist. Atty., both of Boise, Idaho.

Edwin Snow and Karl Paine, both of Boise, Idaho, for defendants.

CAVANAH, District Judge.

The defendants were indicted on charges of violating the National Prohibition Act (27 USCA). Before the indictment, a search was made of the dwelling house of defendants, upon a search warrant issued by a United States commissioner, based upon an affidavit which defendants claim to be false or mistaken. After the indictment and before the trial, they moved to suppress the evidence obtained therefrom, on the ground that the search and seizure had been in violation of the defendants' constitutional rights. The claim that the affidavit is untrue is that it recites that the sale of liquor was made by one Mrs. Harry Pruitt, while the affidavit filed by the government on the motion to suppress of Lamb, who made the affidavit for the warrant, states that a mistake was made in the original affidavit on which the search warrant was issued, as the sale was made by the defendant Mary Bunnell. The motion to suppress was denied, for the reason that the National Prohibition Act provides that a search warrant may issue to search the dwelling house of one where it appears by affidavit that intoxicating liquor was sold therein, and it would make no difference who made the sale if one in fact was made.

After the trial had commenced and a jury selected, the defendants moved again to suppress the evidence obtained by virtue of the search warrant on the additional ground that the sale referred to in the original affidavit upon which the search warrant was based was an unlawful entrapment. Counts 1 and 2 of the indictment, relating to the possession and sale of liquor, charged to have occurred at the time the search was made, were dismissed by the government at the beginning of the trial, leaving then for consideration the remaining four charges claimed to have occurred at another time than when it is claimed the entrapment took place. At the time of making the first motion to suppress, defendants no doubt knew of their claim of entrapment, for the entrapment if such occurred was with the defendant who would have had knowledge of it. It should have been asserted at the time, and not wait until the trial began before moving to suppress upon that ground. By so waiting they have run counter to the well-established rule that "a defendant will, ordinarily, be held to have waived the objection to the manner in which evidence has been obtained unless he presents the matter for the consideration of the court seasonably in advance of the trial; and he does this commonly by a motion made in the cause for return of the property and for suppression of the evidence. The rule is one of practice; and is not without exceptions. See Gouled v. United States, 255 U. S. 298, 305, 41 S. Ct. 261, 65 L. Ed. 647; Agnello v. United States, 269 U. S. 20, 34, 35, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Panzich v. United States (C. C. A.) 285 F. 871, 872." Cogen v. United States, 278 U. S. 221, 223, 49 S. Ct. 118, 119, 73 L. Ed. 275. Nothing appears here showing that the defendants acted with reasonable diligence in asserting their contention of unlawful entrapment before the trial commenced, for it must be assumed that they knew of the entrapment if one occurred before the trial began, and, failing to move to suppress on that ground before the commencement of the trial, they would be deemed to have waived it. Cardenti v. United States (C. C. A.) 24 F. (2d) 782. The government then having dismissed counts 1 and 2, which related to the time the entrapment is claimed by the defendants to have occurred, the admissibility of the evidence relating to it became immaterial.

As no other question is presented on the motion for new trial, and the jury having passed upon the evidence, of which there appeared sufficient to sustain the verdict, the motion for new trial will be denied.