## FREEMAN v. UNITED STATES.
### No. 11262.

Circuit Court of Appeals, Ninth Circuit.

May 21, 1946.

GARRECHT, Circuit Judge, dissenting.

See also 160 F.2d 72.

Gerald D. Hile, of Seattle, Wash., Samuel Edelstein and O. C. Moore, both of Spokane, Wash., for appellant.

Harvey Erickson, U. S. Atty., and Frank R. Freeman, Asst. U. S. Atty., both of Spokane, Wash., for appellee.

Before GARRECHT, DENMAN and BONE, Circuit Judges.

**DENMAN, Circuit Judge.**

Appellee moves the dismissal of an appeal from an order of the district court refusing to order the return to appellant of documents seized under a commissioner's warrant. Appellant claims that the documents were not described in the warrant and hence should have been returned under 18 U.S.C.A. § 626 which provides "If it appears that the property or paper taken is not the same as that described in the warrant * * * the judge or commissioner must cause it to be restored to the person from whom it was taken; * * *".

One of the grounds for the dismissal is that the proceeding before the district court was entitled United States v. Freeman, as in a proceeding before the commissioner for Freeman's detention, instead of Freeman v. the person who is holding the documents in question. There is no merit in this contention. A proceeding's character is determined by the relief sought, not by its title. Coastwise Lumber & Supply Co. v. United States, 2 Cir., 259 F. 847, 849. In Cogen v. United States, 278 U.S. 221, 226, 49 S.Ct. 118, 73 L.Ed. 275, the Supreme Court cites with approval the decisions in In re Brenner, 2 Cir., 6 F. 2d 425 and Dickhart v. United States, 57 App.D.C. 5, 16 F.2d 345, and states, at page 226 of 278 U.S., at page 120 of 49 S. Ct., that the independent character of the proceeding is shown where the motion to return evidence, "although entitled in the criminal case, is not filed until after the criminal prosecution has been disposed of."

Nor is there merit in the contention that the order is interlocutory because sought after a complaint filed with the commissioner and the holding of Freeman on it for a grand jury investigation thereafter.

Here a complaint against Freeman had been filed with the commissioner. The commissioner's proceedings are quasi judicial in character. Go-Bart Importing Co. v. United States, 282 U.S. 344, 354, 51 S.Ct. 153, 75 L.Ed. 374. The issue before him is not guilt or innocence but probable cause for the arrest of the person charged. After the commissioner has issued his order for the arrest and commitment of the person complained of, the proceeding before him is ended and his jurisdiction exhausted. 18 U.S.C.A. § 591. It was not until the commissioner's jurisdiction was so exhausted that the instant proceeding was brought before the district court. It is obvious that it was not a part of the commissioner's proceeding of which there had been such final disposition.

The case is like Perlman v. United States, 247 U.S. 7, 11, 38 S.Ct. 417, 62 L.Ed. 950, where the documents sought were wrongly obtained from Perlman to be used before the grand jury to obtain an indictment to be sought, as here, after the district court proceedings for their return had been initiated.

In Cogen v. United States, supra, 278 U.S. 225, 49 S.Ct. 120, the Perlman case is cited with approval, the Supreme Court there stating the independent character of such summary proceedings is clear "wherever the motion is filed before there is any indictment or information against the movant, like the motions in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950."

The sole purpose of the retention of the documents by the OPA was for their use before a grand jury which might or might not indict Freeman, and for the trial if he be indicted. It was against just such use of the documents that the constitutional provision against unreasonable search and seizure was enacted. In the period between arrest and indictment the arrested man is presumed innocent and still entitled to his constitutional immunity against the use of documents procured by illegal search and seizure. The fact that they were wrongfully used in the ended commissioner's proceeding does not make them documents held by the OPA as an incident in the jurisdiction not yet acquired by the grand jury—here where there is no evidence that there was a grand jury in existence when the instant proceedings were begun before the district court.

The motion to dismiss is denied.

**GARRECHT, Circuit Judge.**

I dissent: It is well settled that an order to suppress evidence granted upon pe-

tition during the pendency of a criminal proceeding, is merely interlocutory and not appealable. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200.

In the cases, supra, the criminal proceedings were commenced by indictment and information, respectively. In the case at bar, the indictment was returned after the filing of the petition but before the court passed upon the petition. Moreover, the proceedings before the United States Commissioner were criminal proceedings, of which the petitioner was well aware. It is apparent that the purpose of petitioner's application was to prevent the use of his records in the criminal proceeding pending. Under these circumstances, in my opinion the District Court's order denying the petition was interlocutory and not appealable to this court.

As pointed out in Cogen v. United States, 278 U.S. 227, 49 S.Ct. 120, supra, cited in the main opinion, the circumstances surrounding each case are to be examined. The court said, " * * * But a motion for the return of property, although connected with a motion to quash a search warrant, may, if made in the same court in which a criminal proceeding is pending, be so closely associated with the criminal proceeding as to be deemed a part of it. Thus, where the motion to quash the search warrant and for return of the property is made by a party to the cause, is filed in the cause and seeks suppression of the evidence at the trial, it is apparent that the motion to quash the search warrant is an incident merely; that the real purpose of the application is to suppress evidence; and that it is but a step in the criminal case preliminary to the trial thereof."

At the time the motion was being heard in the court below the judge who entered the order said:

"I think this is incident to the criminal case and I don't feel that either side should be barred from again offering proof that they may have been denied in this matter. I don't think that the Government should be barred from again taking any other proceeding available to it, to obtain this information. I also think the defendants, by this order, should not be precluded from objecting to the introduction of this testimony at the time of trial. I don't think this should be a final order in this regard, that is, to the extent that the defendant would be precluded from objecting to the testimony at the time of trial. If this order were a final order, it would, of course, be appealable and I am not sure it is appealable, although I have not gone into that thoroughly. In the authorities I have examined, most courts have taken the position that this kind of an order should not be a final order and also take the position that the defendants should not be barred from raising the same objections and let the trial court pass on it at the time of trial, * * *

"In this case we have a distinction from most the cases in that a criminal action was started and your petition is entitled in the criminal cause and it is brought as a criminal case with the same parties plaintiff and defendant, it seems to the court that it is incidental to the criminal case itself. * * * "

Thus, in view of the circumstances surrounding this case as revealed by the documents and exhibits on file herein and particularly in the light of the language quoted above it seems to me as the lower court implies the order was not intended to be final and is not appealable. The motion to dismiss the appeal should be granted.