## KOTT v. UNITED STATES.

### No. 11674.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1947.

Louis Halle, of New York City, Jacob H. Morrison, of New Orleans, La., and Geo. Wesley Smith, of Monroe, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and J. Lyle DeBellevue, Asst. U. S. Atty., both of Shreveport, La., for the U. S.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Federal agents, in arresting appellant for the alleged offense of selling liquor in excess of the ceiling price, took from appellant the money paid to him by the purchaser of the liquor, which money the Federal agents, in cooperation with the purchaser, had theretofore marked, and which they still retain. In making the arrest and search of appellant the agents had neither warrant nor search warrant.

A motion to suppress the evidence and return the money was filed by appellant prior to the trial of the criminal case on the grounds that the money was taken from his person (1) without a warrant, (2) without a search warrant, (3) without any offense having been committed in the presence of the officers, and (4) without any statutory authority giving the Government the right to confiscate the money or to have same forfeited. The Court below overruled the motion for the suppression of the evidence but in so doing made no specific mention as to what disposition should be made of the money that had been taken from defendant. An appeal from the order overruling that motion is now before us. We agree with the contention of the Government that the order was interlocutory and that an appeal would lie only upon final disposition of the case. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. The appeal will be dismissed.

The Court below made no express disposition of the appellant's motion to return the money, which was not introduced in evidence. The trial has now been concluded. We dismiss the appeal, but we do so without prejudice to the right of the lower Court, upon an appropriate proceeding, to determine what disposition should be made of the money in question.

The appellant, having been tried and convicted, has an appeal from his conviction

now before us, and it will be appropriate in our opinion on that appeal to dispose of the other questions raised in the motion to suppress.