## UNITED STATES v. COPLON et al.

United States District Court
S. D. New York.
Nov. 17, 1949.

See also 88 Fed.Supp. 921.

Irving H. Saypol, United States Attorney, New York City, for plaintiff John M. Kelley, Jr., Raymond P. Whearty and Fred E. Strine, Special Assistants to the Attorney General, of counsel.

Archibald Palmer, New York City, for defendant Coplon.

Valentine A. Gubitchev, pro se.

RYAN, District Judge.

Defendant Coplon moves under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for the return of property which she alleges was illegally obtained and seized from her person at the time of her arrest.

The motion was originally returnable on May 16, 1949 and adjourned from time to time; it was finally referred to and came on to be heard before me on November 14, 1949. While the motion was pending and on November 4, 1949 an order was made by one of my associates directing that testimony be taken on the following issues raised by the motion:

1. Did the arresting officer have reasonable ground to believe that the defendant Judith Coplon was guilty of a felony cognizable under the laws of the United States?

2. Was there a likelihood of the defendant's escape before a warrant could be obtained?

3. Was the defendant the owner of the seized property of which she demands the return?

Testimony has been presented and heard by me and I now find and determine:

1. That the arresting officer did have reasonable ground to believe that Judith Coplon was guilty of a felony cognizable under the laws of the United States, at the time of her arrest on March 4, 1949.

2. That the arresting officer had grounds for entertaining the belief that at the time of this defendant's arrest, there was likelihood of her escaping before a warrant could be obtained.

3. That the defendant Coplon was the owner of certain property seized from her at the time of her arrest, particularly of those items enumerated in an inventory dated March 4, 1949, signed by T. Scott Miller, Jr., Special Agent, F. B. I., New York City, designated by certain numbers, but excepting items numbered 2, 3 (a to z, including the subdivisions 1 to 12 under z, inclusive), and item 29.

I have arrived at these conclusions by reason of a number of circumstances which had occurred prior to and on the night of March 4, which circumstances the arresting officer either personally observed or were brought to his attention as supervising agent in charge of the agents, by those who were under his supervision and direction in conducting the investigation in New York City of defendants herein. Among these circumstances (and I am not attempting to list all of them) are present: the official position occupied by the defendant Coplon and the nature of her duties; the national origin of the co-defendant Gubitchev and his associations; the furtive and elusive tactics pursued by the defendants on the night of March 4, and the observations made of both at the times of their previous meetings; the known modus operandi of persons engaged in espionage, and the likelihood of their evading arrest in the future, particularly in view of the nature of the crime, which the arresting officer had reasonable ground to believe they were then committing.

Defendant Coplon has also moved in a plenary action instituted by her against the Special Assistant Attorney General in charge of the prosecution and the United States Attorney for this district.

On this motion she seeks not only the return of the property taken from her at the time of her arrest, but also an order suppressing and prohibiting the use thereof as evidence in any proceeding, on the ground that this property was illegally seized and obtained.

Plenary actions in a proceeding of this nature have heretofore been permitted to be maintained by a third party who is the owner of the property alleged to have been illegally seized, when he is not a defendant in a proceeding then pending before a commissioner, a grand jury or a court following indictment, or by one who was named as defendant in a criminal proceeding which has terminated.

The plenary action in which this additional motion was made was not instituted until November 10, 1949, many months after the indictment had been returned against the defendant, and many months after the notice of motion on the indictment had been served.

■ Where an application for the return of documents, such as the instant one, has been filed in the form of a plenary proceeding, its essential character and the circumstances under which it is made, will determine whether it is an independent proceeding, or merely a step in the trial of the criminal case. Cogen v. United States, 278 U.S. 221 at 225, 49 S.Ct. 118, 73 L.Ed. 275.

■ From the facts I have stated and from the fact that the application was not filed until the very eve of the trial, I am of the opinion that this is not a separate plenary proceeding but rather a step in the criminal case.

■ I assume, however, for the purposes of this decision that such a plenary action may be instituted by defendant Coplon, but I deny the motion because of the findings of fact I have made in connection with the motion in the criminal proceeding, and I make the same findings of fact in connection with this instant motion in the plenary action.