### UNITED STATES v. SINEIRO.

#### No. 10443.

United States Court of Appeals
Third Circuit.

Argued June 7, 1951.

Filed July 19, 1951.

398

Jacob J. Kilimnik, Philadelphia, Pa., for appellant.

James C. Bowen, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and MARSH, District Judge.

KALODNER, Circuit Judge.

On November 20, 1950, a warrant for the arrest of Sineiro was issued by a United States Commissioner in Baltimore, Maryland, upon a complaint filed with him charging violation of 8 U.S.C.A. § 180a, entering the United States without inspection by an Immigrant Inspector. The offense is a misdemeanor punishable with only one year's imprisonment and/or fine; therefore, under Rule of Criminal Procedure 7(a), 18 U.S.C.A., may be prosecuted by an information.

On the same day Sineiro was taken before a United States Commissioner in Philadelphia and given a hearing at which an officer of the Immigration and Naturalization Service testified from a statement previously taken from Sineiro by an investigator of that Service while he was under arrest in deportation proceedings.[1] The statement was also offered in evidence. The statement and testimony were objected to upon the ground that Sineiro was not advised that he need not make any statement and that he could consult counsel before making a statement. No other evidence was offered. The Commissioner overruled the objection and held Sineiro in bail to appear in Baltimore.

Sineiro filed a motion in the United States District Court for the Eastern District of Pennsylvania to quash the warrant and suppress the statement, on November 28, 1950, and hearing was had thereon the next day. The District Judge denied the petition, and Sineiro took this appeal.

The government has moved to dismiss the appeal for the reason that the order of the District Judge was interlocutory in nature and not a final order. In its motion, the government states that on November 30, 1950, the Clerk of the District Court forwarded to the Clerk of the United States District Court in Baltimore, Maryland, the bond, warrant, complaint and all other necessary papers for the prosecution of Sineiro in that District. The motion further

1. From the transcript of proceedings in the District Court it appears that Sineiro was arrested first on an immigration warrant. The statement involved was then taken by an investigator of the Immigration and Naturalization Service in Phil-

adelphia. The information thus gained was transmitted to Baltimore, and upon this the Baltimore warrant was issued upon which Sineiro was taken before the United States Commissioner in Philadelphia.

states that the Commissioner in Philadelphia found probable cause to believe that the crime had been committed and held Sineiro in bail to answer to the District Court in Baltimore.

It would appear that the proceeding before the Commissioner in Philadelphia was had under Rule of Criminal Procedure 40 (a), arrest within 100 miles, for only when the distance between the complaining district and the arresting district is less than 100 miles, may the Commissioner in the arresting district hold the individual to answer directly to the complaining district. (Railroad timetables show the distance between Philadelphia and Baltimore to be less than 100 miles.) It would also seem that no indictment or information had been filed even as late as the motion of the government to dismiss this appeal; certainly none had been filed before the Commissioner concluded his hearing, else there would have been no occasion for him to determine probable cause, according to Rule 40(a). And according to counsel's statement in the District Court, other proceedings, including deportation, were pending against Sineiro at the time the motion herein was filed. See Note 1.

▓ The single issue for disposition is whether the order of the District Court is appealable. We think it sufficient for the purposes of this case to determine whether the order is final. 28 U.S.C. § 1291. Insofar as this issue is concerned we are clear that an order, to be final, must be a conclusive order in an independent proceeding. This was fully treated in Justice Brandeis' decision in Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275.[2] Justice Brandeis recognized that motions to quash and suppress have a uniform purpose, but determined that those made in a cause in advance of the trial must be distinguished from independent proceedings. And in discussing "independent proceedings", he pointed out that: "The independent character of the summary proceedings is clear, even where the motion is filed in a criminal case * * * wherever the motion is filed before there is any indictment or information against the movant, like the motions in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, and Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; or wherever the criminal proceeding contemplated or pending is in another court, like the motion in Dier v. Banton, 262 U.S. 147, 43 S.Ct. 533, 67 L.Ed. 915; * * *" 278 U.S. at page 225, 49 S.Ct. at page 120, 73 L.Ed. 275. The instant case would certainly fall within both of the classifications thus set out and Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 establishes that the pendency of a Commissioner's hearing does not deprive the motion to suppress of its independent character.[3]

Moreover, what constitutes an "independent proceeding" is a relative matter. Justice Brandeis referred to the case of Essgee Co. v. United States, 1923, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917 (which did not talk about appealability) and distinguished it on the ground that the independent character was so clear that it was deemed separate and distinct, albeit the motion to suppress was made after indictment and before trial; and, indeed, the Court in the Essgee case referred to the matter as a special proceeding.

The concept of finality received further treatment in Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.[4] There, a witness had been subpoenaed to appear before the grand jury. He moved to quash, and on appeal from the order denying the motion, it was held to be outside appellate jurisdiction. Justice Frankfurter pointed out that the grand jury investigation was provided for by the Constitution and that it was a "judicial inquiry" to which the rule against piece-meal appeals applied. It was held, following Alexander v. United States, 1906, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686, that mere orders directing an-

2. We have followed this case in In re Sana Laboratories, 3 Cir., 1940, 115 F.2d 717; see United States v. Bianco, 3 Cir., 1951, 189 F.2d 716.

3. See also In re Fried, 2 Cir., 1947, 161 F.2d 453.

4. We have followed this decision in Dugan & McNamara v. Clark, 3 Cir., 1948, 170 F.2d 118.

swers are interlocutory in the original proceedings; that appeals of this kind result in delay and interference with the normal function of the judicial process; and that whatever right the party may have requires no further protection than that afforded by the court until the witness chooses to disobey and is committed for contempt. This latter holding is of importance to the concept of finality. For the Court said that when the witness disobeys his situation becomes severed from the main proceeding and appeal is permitted. This on the theory that although there is a consequent interruption and delay nevertheless the alternatives of the witness are to abandon his constitutional claim or to languish in jail.

This approach to finality was demonstrated through Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, which was cited in Cogen as an example of an independent proceeding, and the Go-Bart case. The significant fact is that in each the evidence was already out of the hands of the movants. Said Justice Frankfurter, 309 U.S. at pages 328, 329, 60 S.Ct. at page 543, 84 L.Ed. 783: "If their production before the grand jury violated Perlman's constitutional right then he could protect that right only by a separate proceeding to prohibit the forbidden use. To have denied him opportunity for review on the theory that the district court's order was interlocutory would have made the doctrine of finality a means of denying Perlman any appellate review of his constitutional claim. Due regard for efficiency in litigation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes."

The instant case appears to fall within the Perlman and Go-Bart decisions, on the approach of the Cobbledick case. Here, too, potential use of the statement would deprive Sineiro of his alleged constitutional right. In re Fried, supra, 161 F. 2d at page 458. The critical issue is whether he would be deprived of any appellate review of his constitutional claim if the doctrine of finality were employed to deny the appeal. It is concluded that the answer should be in the affirmative. It is enough to hold that this, being before indictment or information, is an independent proceeding, treated as such in the District Court, and that unless review may be had the movant will be denied any appellate review of his constitutional claim. Indeed, as an independent proceeding, the decision of the Court may well be *res adjudicata:* United States v. Wallace & T. Co., 1949, 336 U.S. 793, 801, 803, 69 S.Ct. 824, 93 L.Ed. 1042, which assures the vitality of the Cogen case.

For the reasons stated the motion to dismiss the appeal will be denied.