233 F.2d 547
 56-1 USTC P 9527
 HOMAN MFG. CO., Inc., a corporation, formerly named Shotwell
Mfg. Co., Byron A. Cain, Harold E. Sullivan and
Frank J. Huebner, Plaintiffs,
v.
Vincent P. RUSSO, Charles A. McNelis and Charles J. Mammel,
Defendants.
 No. 11737.
 United States Court of Appeals Seventh Circuit.
 May 11, 1956.
Rehearing Denied June 6, 1956.
 
 George B. Christensen, William T. Kirby, Chicago, Ill., for plaintiffs.
 Robert Tieken, U.S. Atty., John Peter Lulinski, Asst. U.S. Atty., Chicago, Ill., Vincent P. Russo, Charles A. McNelis, Sp. Attys., Department of Justice, Washington, D.C., pro sese, and Donald A. Hansen, Attorney, Internal Revenue Service, Washington, D.C., for defendants.
 Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Plaintiffs appeal to this court from, first, an order of the district court dismissing plaintiffs' complaint for want of equity, and, secondly, an order denying and dismissing with prejudice the said complaint when considered as a petition addressed to the judge in charge of the grand jury, April term, 1956 for the Northern District of Illinois.
 
 
 2
 The complaint narrates judgments of conviction of plaintiffs entered in said district court in 1953, and their reversal by this court on June 15, 1955[1] and our remandment to the district court with instructions to sustain defendants' motion as amended to suppress certain evidence and to retry the case.[2]
 
 
 3
 The complaint alleges that defendants Russo and McNelis filed their 'authorities' to act as special assistant attorneys general and to conduct a grand jury investigation covering possible charges of obstruction of justice, conspiracy to violate Internal Revenue laws, perjury, and making of false statements, and that said last named defendants on April 10, 1956 'procured the issuance of a subpoena duces tecum directed to Leon J. Busby, an accountant who has done considerable work for plaintiffs * * *,' returnable before a grand jury of said court, requiring the production of a list of documents set forth in haec verba in the complaint, some of which had theretofore been ordered suppressed by this court in its former opinion, whereby the constitutional rights of plaintiffs would be defeated and the meaning of this court's mandate would be subverted.
 
 
 4
 The complaint also charges that, in February 1956, defendant Mammel was examined 'adversely in a discovery examination in the said case of Homan Mfg. Co. v. Ernest J. Sauber with respect to an allegation by the Government in said litigation that Homan Mfg. Co., Inc. had attempted to obstruct, impede, and defeat the Internal Revenue Service in its determination of additional tax liabilities, and that as shown by his answers to the deposition on file in the records of this Court as a part of the record in said cause 55 C 1541, the said Mammel based most of his answers on said subject upon or in relation to documents submitted to Revenue officials which are ordered to be suppressed by' our mandate.
 
 
 5
 The complaint prays that the subpoena duces tecum be quashed, 'that the defendants and all other officials of the Government herein be ordered, enjoined and restrained by this court from using, directly or indirectly, any of the material covered by the Motion to Suppress which the Court of Appeals has ordered be granted, or from using any copies, memoranda, summaries, or notes made or based in whole or in part on or from such material before the Grand Jury, and from describing or summarizing orally any of the suppressed material before the Grand Jury, and that the defendants Russo and McNelis be ordered, enjoined and restrained from taking any witness, whether the said Mammel or any other person, before the Grand Jury for the purpose of having or knowingly permitting him to testify, directly or indirectly, with respect to any part or detail of or any summary or resume of all or any part of the suppressed material, or copies of it or leads from it.'
 
 
 6
 Defendants moved to dismiss the complaint on the ground that it fails to state a cause of action.
 
 
 7
 1. In the oral argument in this case plaintiffs' counsel have made it clear that they contend that the suppression of evidence renders that evidence thereafter unavailable at any future time and against all persons, including plaintiffs.
 
 
 8
 In our previous opinion we held that the district court erred in denying the motion to suppress, which was directed against books, records and information therefrom obtained by the government following a voluntary disclosure by plaintiffs. Our action operated to prohibit the future use in that case only of the matters thus suppressed as evidence. The suppression has no effect as to offenses not being tried in that case or to persons not parties to that proceeding. The essence of plaintiffs' argument seems to be that the order of suppression of this evidence has placed an eternal brand of outlawry upon it as to all persons. What we have just said constitutes a rejection of the validity of plaintiffs' argument.
 
 
 9
 To further demonstrate the unsoundness of plaintiffs' contention, let us consider a hypothetical case. Officers obtain possession of a machine gun and ammunition therefor, either by an unlawful search and seizure, violating the fourth amendment to the federal constitution, or by threats or promises inducing the delivery of said objects to the officers, in violation of the fifth amendment. The person from whom the articles are thus taken is indicted on a federal charge involving their use and, on his motion, an order for suppression of said articles as evidence is sustained, thus preventing their use against him upon the trial of the charge for which he had been indicted. During the trial the defendant alone, or a friend, or both of them in concert, suddenly rush from the courtroom and seize the machine gun and ammunition from an adjoining anteroom and, thus equipped, attempt to escape, resulting in their killing a deputy marshal by a shot from the machine gun. The defendant and his friend, or either of them, is indicted for murder. Can it be logically contended that neither the grand jury, which returned the murder indictment, nor the court upon the trial of the murder charge has a right to consider as evidence the machine gun and ammunition? An answer in the affirmative would be shocking and, we believe, would not be sustained by any legal authority.
 
 
 10
 We find nothing in Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, or other cases cited by plaintiffs inconsistent with the views herein expressed.
 
 
 11
 In United States v. Wallace & Tiernan Co., 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042, the Supreme Court said that the Silverthorne exclusionary rule stemming from the fourth amendment should not be extended to cases where government officials have not committed a wrong in the method by which they received evidence and that the government does not forfeit all opportunity to make use of such evidence once it is suppressed for a particular criminal proceeding. The court stated, 336 U.S. at page 802, 69 S.Ct. at page 829:
 
 
 12
 '* * * a decision on a motion to return or suppress evidence in a pending trial may be no more than a procedural step in a particular case and in such event the effect of the decision would not extend beyond that case. Whether a motion is to be treated as independent and plenary or as merely a procedural step in a pending trial must be determined by particular circumstances. See Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. The circumstances here we think show that the order now considered was not one of permanent general 'outlawry' against all use of the documents involved, but an order to prevent their use in a particular criminal proceeding then pending.'
 
 
 13
 Our previous finding that the voluntary disclosure by plaintiffs was timely and in good faith, and the resultant suppression of the disclosed evidence, because the fifth amendment was violated, do not transform the official conduct of government officials there considered into the type of conduct condemned in the Silverthorne and other fourth amendment cases.
 
 
 14
 Moreover, the suppression order was merely a procedural step in the criminal proceeding then pending before us on appeal and was not an order of permanent general outlawry against all use of the documents involved.
 
 
 15
 2. Plaintiffs argue that defendants' motion to dismiss admits that the subpoena in substantial part calls for documents covered by this court's suppression mandate; admits that defendants propose, through the defendant Mammel, to put before the jury oral testimony which is based on the suppressed material; admits that it is the intention of defendants to take such records as they may be able to subpoena away from the grand jury and turn them over to unauthorized persons. Plaintiffs say 'that the prosecutors propose to use illicit evidence to procure indictments.'
 
 
 16
 Defendants' motion to dismiss the complaint admits only such facts as are well pleaded and the reasonable inferences to be drawn from them, but no more. The allegations as to what defendants propose and what their intention is are conclusions of fact and are not well pleaded facts unless they constitute reasonable inferences from specific facts otherwise set forth. In Weeks v. Denver Tramway Corporation, 10 Cir., 108 F.2d 509, at page 510, where defendant contended plaintiff's complaint failed to state a cause of action, the court said:
 
 
 17
 'It did not admit either inferences or conclusions of fact not supported by allegations of specific facts upon which the inferences or conclusions rest, or conclusions of law.'
 
 
 18
 To the same effect is Bennett v. Ahrens, 7 Cir., 57 F.2d 948, at page 950. A demurrer does not admit conclusions of fact unsupported by allegations of the specific facts upon which the conclusions rest. Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 78 F.2d 881, at page 886, 131 A.L.R. 414.
 
 
 19
 A person's intention is a subjective matter which can be ascertained by another only by the examination of objective phenomena evidencing its existence. We do not recognize that plaintiffs or their counsel possess mind reading ability, in the absence of which their statements of what is in the minds of defendants do not constitute well pleaded conclusions of fact, unless supported by allegations of facts. We find no such supporting facts alleged. It is true that the complaint charges that plaintiffs are informed and believe that it is the intention of the defendants to obtain the records in question, 'so that they may be worked upon, searched and examined by sundry Revenue Agents and officials of the Treasury, who, in the opinion of plaintiffs and petitioners' counsel, have no legal right to said documents.' They allege in their complaint, in support of this allegation, that the defendants Russo and McNelis 'made a public statement that they shortly proposed to take before the grand jury the defendant Charles J. Mammel, who testified against plaintiffs and petitioners in the said criminal case and who is currently under discovery examination in a case now pending in this court entitled 'Homan Mfg. Co., Inc. v. Ernest J. Sauber, No. 55 C 1541', involving a jeopardy assessment against Homan Mfg. Co., Inc. covering alleged additional income taxes due from it for the years 1944, 1945 and 1946.' They also allege in the complaint that plaintiff Cain on September 16, 1955 sent a letter to Regional Commissioner Olsen of the Internal Revenue Service, in which Cain declined to comply with departmental subpoenas calling for many of the records involved in the instant grand jury subpoena.
 
 
 20
 That the defendants propose and intend to do certain things with the records in question, as alleged by plaintiffs, is not a reasonable inference from the specific facts above referred to.
 
 
 21
 We conclude that plaintiffs' conclusions of fact were not admitted by the motion to dismiss.
 
 
 22
 3. A grand jury is invested with broad investigatorial powers into what may be found to be offenses against federal criminal law, and it is unrestricted in dealing with all crimes disclosed by its investigation. United States v. Johnson, 319 U.S. 503, 510, 63 S.Ct. 1233, 87 L.Ed. 1546. The broad powers of a grand jury and the wide scope of its inquiries are stated in Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979:
 
 
 23
 '* * * It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime. As has been said before, the identity of the offender, and the precise nature of the offense, if there be one, normally are developed at the conclusion of the grand jury's labors, not at the beginning. * * *'
 
 
 24
 Whether any indictments will be returned by the grand jury which by subpoena seeks records from Busby, and, if so, the subject matter, the precise charge and against whom made, whether plaintiffs or others, are presently matters of sheer speculation. Accordingly, for us to now foreclose the use of these records by the grand jury on the grounds urged would be an unwarranted intrusion upon its historic right to conduct an unhampered and adequate investigation into possible violations of law.
 
 
 25
 The grand jury subpoena involved in this case is for the purpose of assisting the grand jury in the performance of its duties. Its proceedings are secret. Title 18 U.S.C.A., Federal Rules of Criminal Procedure, Rule 6(e). Goodman v. United States, 9 Cir., 108 F.2d 516, at page 519, 127 A.L.R. 265 and Reichert v. Commissioner of Internal Revenue, 7 Cir., 214 F.2d 19, at page 22, where we quoted from Schmidt v. United States, 6 Cir., 115 F.2d 394, at page 396. We have no right to presume that the grand jury will permit the records covered by the subpoena to be diverted to the use of third persons, or that defendants propose or intend such diversion. We have no right to anticipate any misuse of the suppressed material. Such improper use, if attempted, would invoke, on notice, the protective power of the district court, which could act either contemporaneously or afterward in connection with such attempt. What we say under point 2 of this opinion is limited in its application to only the factual situation well pleaded by the complaint in the record before us. We express no opinion as to any other factual situation.
 
 
 26
 For the reasons hereinbefore set forth the orders of the district court are
 
 
 27
 Affirmed.
 
 
 
 [1]
 United States v. Shotwell Manufacturing Company, 7 Cir., 225 F.2d 394
 
 
 [2]
 Petitions to the United States Supreme Court to grant writs of certiorari are at this date pending