In re Grand Jury Proceedings. Application of SOCONY MOBIL OIL COMPANY, Inc., et al., for an Order Directing Return of Impounded Documents, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12812.

United States Court of Appeals Seventh Circuit.

Feb. 24, 1960.

See also 165 F.Supp. 359.

Leroy Jeffers, Houston, Tex., W. B. Edwards, Pittsburgh, Pa., Joseph A. Roper, South Bend, Ind., Irving C. Klinock, Kansas City, Mo., Milton A. Johnson, South Bend, Ind., Edward F. Howrey, Washington, D. C., James E. Keating, South Bend, Ind., for appellants.

Joseph B. Kennedy, Jr., Washington, D. C., for appellant Socony Mobil Oil Co., Inc.

Roland Obenchain, Jr., South Bend, Ind., for appellant Hudson Oil Co. of Illinois, Inc.

Richard A. Solomon, Anti-Trust Division, Dept. of Justice, Washington, D. C., Earl A. Jinkinson, Dept. of Justice, Chicago, Ill., Robert A. Bicks, Acting Asst. Atty. Gen., Harold E. Baily, Chicago, Ill., Donald L. Hardison, Washington, D. C., Attys, Dept. of Justice, for the United States.

Before DUFFY and CASTLE, Circuit Judges, and GRUBB, District Judge.

DUFFY, Circuit Judge.

A grand jury sitting in the Northern District of Indiana issued thirteen subpoenas *duces tecum* to Socony Mobil Oil Company, Gulf Oil Corporation, Hudson Oil Company of Illinois, and to ten other oil companies directing them to furnish and deliver to the Grand Jury certain designated papers and documents.

Among the items requested were the certificates of incorporation of the thirteen corporations; documents pertaining to the owned, leased and consigned operations of service stations in the designated market area; documents relating to the origin of crude oil from May 15, 1957 to July 1, 1957. Other documents were requested as to the approximate value of gasoline sold from March 15, 1957 to July 1, 1957; a list of all marketing

personnel in the market area; documents relating to gasoline prices at the wholesale and retail levels; documents pertaining to the relationship with dealers, jobbers, distributors and refiners; and other documents relating to similar information. The various companies delivered the information as required by the subpoenas.

On October 7, 1958, the Grand Jury returned an indictment against the various oil companies including the three heretofore named, charging violations of the antitrust laws. Eight days prior thereto, the District Court entered an *ex parte* order granting a motion of the Government to impound the documents which had been furnished to the Grand Jury pursuant to the subpoenas *duces tecum*. The order, in part, stated: " * * * and the Court having considered the said motion, and being of the opinion that the ends of justice require that the said documents should be preserved and safeguarded until the trial on any indictment which may be returned by the Grand Jury; * * * "

The Court ordered the impounded documents be left with the Clerk of the Court for safe keeping, with both the Government and defendants having access thereto. The Court further ordered that said documents could temporarily be removed to the office of Government's counsel for examination and copying, but would have to be returned to the Clerk of Court on twenty-four hours' notice.

The Grand Jury was discharged on November 20, 1958. About six and a half months later, the thirteen oil companies which were named as defendants in the indictment, moved for the return of the impounded documents. The motion alleged the order impounding the documents was entered without notice, and resulted in a denial of due process. The motion also alleged the Government had not shown good cause for continuing the impounding order. Paragraph 7 of

the motion stated: "The Court should not countenance the adoption of procedures for the production and retention of evidence in the trial of a criminal case which are contrary to accepted and recognized principles of due process * * *."

Simultaneously with the filing of the motion to return impounded documents, defendants filed various motions in the criminal case such as a motion for discovery and inspection, for a list of witnesses and for a bill of particulars.

On September 4, 1959, the Court held a hearing on the motion and entered an order denying same. The Court said: "And this matter is presently before the Court on an application that has been captioned: 'In re the Grand Jury Proceedings.' And this Court feels this is a matter that is considered within the framework of this criminal action which is pending, Cause No. 2199, and this order and these proceedings will be a part of that captioned number." [1]

From the order denying the application for the return of impounded documents, the three oil companies hereinbefore designated, perfected appeals to this Court.

We must first consider the contention of the Government that the order of the District Court, denying the motion for the return of the impounded documents, is an interlocutory order, hence not appealable. Appellants argue the impounding order was entered in an independent Grand Jury proceeding, and that the District Court had no authority or right to declare it merged with the criminal proceeding.

In Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275, a defendant in a criminal case after indictment and before trial, moved for an order requiring the United States Attorney to return papers taken from defendant without warrant. The Supreme Court said, 278 U.S. at page 225, 49 S.Ct. at page 119: "Applications for return of

1. The government states that the caption of the appeal to this Court "In Re Grand Jury Proceedings" etc. is incorrect, but to avoid confusion, used the same caption on its brief.

papers or other property may, however, often be made by motion or other summary proceeding, by reason of the fact that the person in possession is an officer of the court. * * * Where an application is filed in that form, its essential character and the circumstances under which it is made will determine whether it is an independent proceeding or merely a step in the trial of the criminal case. * * * "

If the District Court order denying the return of the impounded documents was in a proceeding independent of the criminal proceeding which ripened into Cause No. 2199, then the order is appealable. However, if the order is properly a part of the pending criminal proceeding, its validity can be tested only at the conclusion of the criminal case.

We think the District Court properly considered the order as incidental to and a part of the pending criminal case, Cause No. 2199. The order appealed from is, therefore, interlocutory. The appeal must be and is dismissed.