**In re INVESTIGATION BY ATTORNEY GENERAL OF UNITED STATES, RE ALLEGED VIOLATIONS OF FEDERAL ANTI-TRUST LAWS.**

**In re CUDAHY PACKING CO. OF CHICAGO, ILL.**

Circuit Court of Appeals, Second Circuit. May 9, 1939.

Blake, Stim, Curran & Carlin, of New York City, for appellant.

Charles C. Pearce, Edward Dumbauld, David A. Fields, Hal T. Gibson, William H. Glenn, and Harold L. Schilz, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The motion is to dismiss an appeal on the ground that the order appealed from is interlocutory and not final. The appellant, Cudahy Packing Company, was served with a subpoena commanding it to produce books and records before a grand jury which was making inquiry into violations of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. It brought a proceeding to quash the subpoena, asserting that the books and records were so voluminous that the subpoena amounted to unlawful search and seizure under Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L. Ed. 652. The district court after hearing dismissed the petition and ordered the appellant to produce the books and records in response to the subpoena. The appellant took an appeal and obtained a stay pending appeal.

 An order directing a person to testify or to produce papers in an action pending in court is regarded as a mere incident in the action, interlocutory and not final so far as appeal is concerned. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686; Pennsylvania R. Co. v. International Coal Mining Co., 3 Cir., 156 F. 765; Goodyear Tire & Rubber Co. v. Jamaica Truck Tire Co., 7 Cir., 66 F.2d 91; Capitol Co. v. Fox, 2 Cir., 85 F.2d 97, 106 A.L.R. 376. On the other hand, an order of the district court directing a witness to testify and produce papers in a proceeding before the Interstate Commerce Commission is taken as appealable, the order being deemed "the end of a proceeding begun against the witness." Ellis v. Interstate Commerce Commission, 237 U. S. 434, 35 S.Ct. 645, 646, 59 L.Ed. 1036. And when a person whose papers have been taken brings a petition for their return on charge of unreasonable search and seizure, an order of the district court granting or denying the petition, made before an indictment is found or other legal proceeding is commenced, is inevitably final and appealable. In such a case the proceeding for return of the papers is independent, there being no other proceeding to which it can be an incident or ap-

pendage. Cogen v. United States, 278 U.S. 221, 225, 49 S.Ct. 118, 73 L.Ed. 275; In re Milburne, 2 Cir., 77 F.2d 310. In Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, the petitioner sought to enjoin the United States attorney from obtaining and submitting to a grand jury papers belonging to him which had been impounded by the court in litigation between others; the order denying injunction was held final and appealable. The contention that the order was interlocutory in a proceeding not yet brought against Perlman was rejected.

 We see no sensible distinction between the order appealed from in the Perlman case and the order appealed from here. In both proceedings the appellant contended that the proposed use of the papers by the United States would amount to unreasonable search and seizure. In both there was no other proceeding pending between the parties. In the Perlman case the papers sought were in custody of court; here they were in custody of the petitioner itself. The order in the present case must be taken as final and appealable.

The other grounds for dismissal of the appeal have been considered but require no discussion. The motion to dismiss the appeal is denied.