## PALMUTH et al. v. UNITED STATES.

### BRAWNER et al. v. SAME.

### COBBLEDICK et al. v. SAME.

#### Nos. 9362–9364.

Circuit Court of Appeals, Ninth Circuit.
Nov. 28, 1939.

Writ of Certiorari Granted Dec. 18, 1939.
See 60 S.Ct. 299, 84 L.Ed. —.

Chalmers G. Graham and Felix T. Smith, both of San Francisco, Cal. (Clarence G. Morse, Truman R. Young, and

Pillsbury, Madison & Sutro, all of San Francisco, Cal., of counsel), for appellants.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and James V. Hayes, Morris R. Clark, John V. Leddy, Samuel E. Neel, Robert Diller, and George F. Fisher, Jr., Sp. Assts. to Atty. Gen., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

These appeals are from orders denying motions to quash subpoenas duces tecum issued out of the District Court of the United States for the Northern District of California. The subpoenas were issued on November 2, 1939, and were directed to (1) Eugene Palmuth, president of Crowe Glass Company, (2) A. H. Brawner, officer and director of W. P. Fuller & Company, and (3) Lloyd N. Cobbledick, vice-president of Cobbledick-Kibbe Glass Company. Thereby each of the persons named was commanded to appear before the court on November 10, 1939, to testify and give evidence before the grand jury, and to bring with him certain letters, telegrams, correspondence, memoranda and other communications exchanged by or passing between the company of which he was an officer and one Sam Goodman.

On November 8, 1939, motions to quash the subpoenas were filed by Palmuth and Crowe Glass Company, Brawner and W. P. Fuller & Company, and Cobbledick and Cobbledick-Kibbe Glass Company, respectively. The motions were denied and notices of appeal were filed on November 9, 1939.

In each of these cases, appellants' brief states: "The jurisdiction of this Court exists by virtue of section 225(a), title 28, of the United States Code Annotated." [1] Section 225(a) provides that the circuit courts of appeals shall have appellate jurisdiction to review by appeal "final decisions" in the district courts in all cases save where a direct review of the decision may be had in the Supreme Court under § 345 of title 28. [2] The orders here appealed from are not "final decisions," within the meaning of § 225(a), and are not appealable.

The contrary holding, In re Cudahy Packing Co., 2 Cir., 104 F.2d 658, is clearly erroneous. That holding finds no support in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, or in Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. No subpoena was involved in either of those cases. In each of them, the appeal was from an order denying an application for the return of papers belonging to the applicant and alleged to have been wrongfully seized or impounded, and to enjoin the use thereof as evidence. Such an order is, in effect, a judgment or decree dismissing a suit or proceeding for the recovery of property.

Between such an order and the orders here appealed from, there is no pertinent similarity. Appellants' papers have not been seized or impounded. Appellants have not brought or had occasion to bring any suit or proceeding to recover their papers. The denial of motions to quash the subpoenas was not a dismissal of any suit or proceeding. Appellants may, notwithstanding such denial, disregard the subpoenas and, if prosecuted for contempt, may again challenge their validity—thus, in effect, renewing the motions to quash—and, if convicted, may appeal. Upon such appeals, and not otherwise, the denial of the motions may be reviewed by this court.

Even where, after indictment and before trial, the defendant in a criminal case applies for an order requiring Government counsel to return papers taken from the defendant without a warrant, and for the suppression of evidence obtained therefrom, an order denying the application is not a final decision and, therefore, is not independently appealable, but is reviewable only upon appeal from a judgment of conviction. Cogen v. United States, 278 U.S. 221, 49 S. Ct. 118, 73 L.Ed. 275.

We have no reason to suppose that the Supreme Court would have ruled differently if, instead of a seizure of Cogen's papers, there had been a subpoena requiring him to produce them, and a motion by Cogen to quash the subpoena had been denied; or if, as in the cases at bar, such subpoena had been issued in an inquisitorial proceeding before a grand jury. If an appeal were permissible in either case, the practical consequences with respect to the orderly administration of justice would be equally disastrous; and in determining whether these orders are final, in the sense in which that

---

[1] Judicial Code, § 128(a), 52 Stat. 779, 28 U.S.C.A. § 225(a).

[2] Judicial Code, § 238, 43 Stat. 938, 28 U.S.C.A. § 345.

term is used in the governing statute, practical considerations, such as the existence of other available methods of review, and the delays attendant upon permitting direct appeals to be taken, should not be ignored.

Appeals dismissed.