In re SANA LABORATORIES, Inc., et al.

No. 7480.

Circuit Court of Appeals, Third Circuit.
Nov. 6, 1940.

Rehearing Denied Dec. 2, 1940.

Besson & Pellet, of Hoboken, N. J. (Harlan Besson, of Hoboken, N. J., and Andrew O. Wittreich and John J. Meehan, both of Jersey City, N. J., of counsel), for appellants.

William F. Smith, Acting U. S. Atty., of Trenton, N. J., and Irwin L. Langbein, Sp. Asst. to the Atty. Gen., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a denial of a petition praying for the suppression of certain evidence alleged to have been illegally seized by government agents. The petition was filed on behalf of Sana Laboratories, Inc., a permittee authorized to withdraw specially denatured alcohol used by it in the preparation of medical and chemical products, and on behalf of James A. Iorio and Edward J. Iorio.

On Friday evening, November 6, 1936, an investigator of the Alcohol Tax Unit who had been watching Sana's plant followed and seized a truck which had taken on six drums of alcohol at the plant. The serial numbers had been removed from these drums. The next morning he returned to the plant with other agents and they were all admitted by the janitor. The agents on that day took from the plant the manufacturing records and purchase and sales books and placed under arrest several persons. The agents had no warrant either for the arrests or the seizure of the documents. The persons arrested were brought before a commissioner later that day and were released on bail that night. On the Monday following the agents returned to the plant and collected invoices covering materials used in the manufacture of preparations containing alcohol and certain sales records. These records were placed in a sealed box and were removed from the premises by the agents on the next day.

This petition was filed in the court below on December 3, 1936. Affidavits were filed by both sides and hearing was held. On June 10, 1940, the court below entered its order denying the prayer of the petition. In the meantime, an indictment was returned on March 31, 1938, against Sana Laboratories, Inc., and certain individuals, including James A. Iorio and Edward J. Iorio, charging a conspiracy to defraud the United States of tax.

Out of the chronology of these events arises the first point which we must

consider. It is contended that this court is without jurisdiction on the ground that the order of the court below is not final within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a). The contention is based upon the fact that the indictment was returned before the order was made. It is clear that such an order would be appealable if no indictment had been found. Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; In re Milburne, 2 Cir., 1935, 77 F.2d 310. As said in Cogen v. United States, 1929, 278 U.S. 221, 225, 49 S.Ct. 118, 120, 13 L.Ed. 275: "The independent character of the summary proceedings is clear, even where the motion is filed in a criminal case, * * * wherever the motion is filed before there is any indictment or information against the movant * * *." But the government argues that the interposition of the indictment renders the order interlocutory. This proceeding commenced as a separate one. It did not lose its character as an independent proceeding by the fact that an indictment was subsequently returned which accused the petitioners, among others, of a crime. Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 356, 51 S.Ct. 153, 75 L.Ed. 374. Furthermore, the petition was entitled as a separate matter and was treated as a special proceeding as in Essgee Company of China v. United States, 1923, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917. We hold, therefore, that the order appealed from is final and that this court has jurisdiction.

The court below directed the return of the seized documents, but refused to suppress information obtained therefrom. Appellants contend that under the rule expressed by Judge Learned Hand in United States v. Kraus, D.C.S.D.N.Y. 1921, 270 F. 578, they are entitled to all the relief prayed for. The Kraus case does not go to that extent. There the proceedings were unlawful from their inception because the officers effected a forcible entry. This was the controlling factor in the case and was emphasized in the court's opinion. The order made by the court was directed toward the alleviation of any advantage the government might have gained from its unlawful move. In the instant case, there was no unlawful entry.

Sana Laboratories, Inc., operated under a permit from the Treasury Department. The applicable Treasury Regulations [1] stip-ulate that permits and authorizations given are conditioned upon the right of inspection by proper officers "at any time within the usual hours or at any other time when operations are carried on". The Regulations further provide (Art. 167): "Whenever a manufacturer qualified to use specially denatured alcohol proposes to operate at hours other than between 7 o'clock a. m. and 6 o'clock p. m. or on Sundays and legal holidays, notice of intention to manufacture shall be first submitted to the supervisor and his approval therefor obtained."

The evidence shows that the entry by the government agents in this case involved no breaking or other illegal means. By the provisions of the regulations under which the permit to this company was given there was a right on the part of the officers to inspect. The appellants argue that the plant did not usually operate on Saturdays. To this two answers can be made. One is that Saturday operations certainly cannot be described as outside of usual business hours. The other is that operations were to be carried on upon the Saturday morning when the seizure was made because various employees arrived upon the premises soon after the agents had got there. The entry took place about 8 o'clock, certainly not outside usual hours and obviously within the time contemplated as usual in the regulations.

The government officers, then, clearly had the right to inspect the books and records and use information gathered therefrom. If the subsequent seizure and removal from the premises were unlawful because the petitioners were entitled to the possession of the documents, this wrong has been cured by the return of the papers under the order rendered by the trial court. But the removal from the premises of papers which government agents were, under the circumstances, entitled to inspect upon the premises did not render sacrosanct information secured from these papers because it was lawfully open to the government. It is only knowledge gained by the government's own wrong which cannot be used. Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426.

This disposition of the case makes it unnecessary to deal with the other questions raised at the argument.

The order of the District Court is affirmed.

---

[1] Treas. Regs. 3, Art. 167.