**DUGAN & McNAMARA, Inc., et al. v. CLARK, Atty. Gen., et al.**

No. 9725.

United States Court of Appeals Third Circuit.

Argued June 11, 1948.

Decided Sept. 16, 1948.

James F. Masterson, of Philadelphia, Pa., for appellants.

Asher W. Schwartz, Sp. Asst. to the Atty. Gen., (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., Leon H. Fox, Asst. U. S. Atty., of Norristown, Pa., and Asher W. Schwartz, Sp. Asst. to the Atty. Gen., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Dugan & McNamara, Inc. ("Corporation"), and several of its officers began this proceeding in the court below with a petition for a contempt order which also prayed that a grand jury subpoena *duces tecum* be quashed. The petition for the contempt order was abandoned, and the cause was treated below, as on this appeal, as a motion to quash the subpoena. The appeal follows the denial of the motion.

From the limited record, it appears that previously certain of the Corporation's rec-

ords were seized by government agents and were submitted as evidence and considered by the then grand jury, which returned indictments against the Corporation and its officers. In that proceeding, a motion was made, after the return of the indictments, under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for the return of the records on the ground that their seizure was illegal. The motion was sustained, ultimately the documents were returned, and the government entered a *nolle prosequi* on the indictment against the Corporation.

The instant controversy arises out of the fact that within a few days after the *nolle prosequi* was entered, the subpoena here attacked was addressed to the Corporation and its officers requiring the production of certain documents including some or all of those which were the subject of the prior litigation. The motion to quash the subpoena is bottomed on the theory that the records sought were adjudicated to have been illegally seized, and that under Rule 41(e) they "shall not be admissible in evidence at any hearing or trial."

The position of the government is that the records in issue relate to war contracts; that the contracts and the governing statutes provide for inspection of such records by government agents; that the prior illegal seizure has been erased by the return of the documents, and the government ought not to be deprived of the rights and privileges reserved to it; and that Rule 41(e) does not change the existing law, and since the records belong to the Corporation no privilege in them may be asserted by its officers.

The primary issue, however, is whether the order denying the motion to quash the subpoena *duces tecum* is an applicable order.

The revised Judicial Code, Title 28 U.S.A. § 1291, provides that "The courts of appeals shall have jurisdiction of appeals from all final decisions * * *". As such, it conforms to the former Section 128 (a) of the Judicial Code, as amended, 28 U.S.C.A. § 225(a), which provided: "The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions * * *". The element of fin-

ality in the action of the lower court sought to be reviewed remains, obviously, a prerequisite to the exercise of the appellate jurisdiction we possess.

On the score of finality, we think the case *sub judice* falls squarely within the factual situation in, and the rule of, Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, to which we alluded in United States v. Horns, 3 Cir., 1945, 147 F.2d 57, 59.

In the Cobbledick case, the immediate question, stated 309 .U. S. on page 324, 60 S.Ct. on page 541, was "whether an order denying a motion to quash a subpoena duces tecum directing a witness to appear before a grand jury is included within those 'final decisions' in the district court which alone the circuit courts of appeal are authorized to review by § 128(a) of the Judicial Code, 28 U.S.C. § 225(a), 28 U.S.C.A. § 225(a)." Discussing the matter of "piecemeal disposition * * * of * * * a single controversy", the Court said, 309 U.S. at page 325, 60 S.Ct. at page 541: "An accused is entitled to scrupulous observance of constitutional safeguards. But encouragement of delay is fatal to the vindication of the criminal law. Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship. *The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal."* (Emphasis supplied.) Then, reaching the question, whether a witness summoned to produce documents before a grand jury is subject to different rules, the Court said, 309 U.S. at pages 327, 328, 60 S.Ct. at page 542: "The Constitution itself makes the grand jury a part of the judicial process. It must initiate prosecution for the most important federal crimes. It does so under general instructions from the court to which it is attached and to which, from time to time, it reports its findings. The proceeding before a grand jury constitutes a 'judicial inquiry', * * * of the most ancient lineage. * * * The duration of its life, frequently short, is limited by statute. It is no less important to safeguard against undue in-

terruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found. Opportunity for obstructing the 'orderly progress' of investigation should no more be encouraged in one case than in the other. That a grand jury proceeding has no defined litigants and that none may emerge from it, is irrelevant to the issue. . * * * *Whatever right he may have requires no further protection in either case than that afforded by the district court until the witness chooses to disobey and is committed for contempt.* * * * At that point the witness' situation becomes so severed from the main proceeding as to permit an appeal. To be sure, this too may involve an interruption of the trial or of the investigation. But not to allow this interruption would forever preclude review of the witness' claim, for his alternatives are to abandon the claim or languish in jail." (Emphasis supplied.)

The above quotation fully answers the appellants' contentions that there was no "legal action" pending at the time the instant motion to quash was made, hence it is an independent action, and as such, appealable. The choice of terms to characterize the proceeding pending is without decisive effect.

Clearly, too, the Supreme Court has supplied the basis for distinguishing such cases as In. re Sana Laboratories, Inc., 3 Cir., 1940, 115 F.2d 717, 718, and Cheng Wai v. United States, 2 Cir., 1942, 125 F.2d 915. Both cases arose out of applications, made prior to any indictment, to suppress alleged illegally obtained evidence, and are, accordingly, examples of independent proceedings in which the applicants' rights were finally and conclusively determined. Compare Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; and Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. These latter three cases were considered by the Supreme Court in the Cobbledick case, and they serve to sharply define the application of that decision.

 It is further contended here that the records sought by the subpoena are pat-

ently inadmissible because of the prior holding of the district court; that the denial of the motion ran counter to that previous decision; and that the district judge had no alternative but to quash the subpoena. With astuteness, the constitutional objections to the production of the records have been merged in the prior "adjudication". But the rationale of the Cobbledick decision leaves no room for such argument, for "The correctness of a trial court's rejection even of a constitutional claim * * * must await his conviction before its reconsideration by an appellate tribunal", and "Whatever right he may have requires no further protection * * * than that afforded by the district court until the witness chooses to disobey and is committed for contempt". 309 U.S. 325, 328, 60 S.Ct. 540. And, on analysis, such reasons as are presently advanced are addressed to the validity of the subpoena rather than to the finality of the district court's determination. Parenthetically, it may be noted that neither the Circuit Court of Appeals, 9 Cir., 107 F.(2d) 975, nor the Supreme Court, thought it significant to mention the grounds asserted for quashing the motion in the Cobbledick case.

Moreover, it is not true, as the appellants suggest, that unless this appeal prevail their rights will be lost. To the contrary, their objections remain available to them and may be reasserted at any pertinent time during the progress of the criminal proceedings. Thus, in Cogen v. United States, supra [278 U.S. 221, 49 S.Ct. 119], a motion to procure the return of papers and the suppression of evidence, having been filed "in the cause in advance of the trial", was considered not to have been an independent proceeding, and the order denying the motion was held to lack finality. In so holding, the Court stated, 278 U.S. at page 224, 49 S.Ct. at page 119: "It is not true that the decision on such a motion for the return of papers necessarily settles the question of their admissibility in evidence. If the motion is denied, the objection to the admissibility as evidence is usually renewed when the paper is offered at the trial. And, although the preliminary motion was denied, the objection made at the trial to the admission of the evidence may be sustained.

\* \* \* Upon a review of the final, judgment against the defendant, both the refusal to order return of the property and its admission in evidence are commonly assigned as errors." Then, too, as suggested in the Cobbledick decision, the way is open to test the validity of the subpoena, on review, by refusing to comply with it.

We conclude that the order denying the motion to quash the subpoena *duces tecum* is not a final order within the meaning of the jurisdictional statute; hence, the appeal must be dismissed. In re Investigation by Attorney General of United States, 2 Cir., 1939, 104 F.2d 658; United States v. Tinkoff, 7 Cir., 1946, 153 F.2d 106, 107, certiorari denied 329 U.S. 740, 67 S.Ct. 56, 91 L.Ed. 638. And we are assured of the continued vitality of the Cobbledick decision: see Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 87 L.Ed. 1185; United States v. Johnson, 1943, 319 U.S. 503, 511, 512, 63 S.Ct. 1233, 87 L.Ed. 1546; Radio Station WOW, Inc. v. Johnson, 1945, 326 U.S. 120, 123, 124, 65 S.Ct. 1475, 89 L.Ed. 2092. We need not, therefore, address ourselves to the merits of the appellants' claims.

For the reasons stated the appeal will be dismissed and the stay order entered by this Court pending the appeal will be dissolved.