**DUGAN & McNAMARA, Inc.**

v.

**The UNITED STATES.**

No. 545–52.

United States Court of Claims.
July 12, 1957.

See also 127 F.Supp. 801.

G. Fred DiBona, Philadelphia, Pa., for plaintiff. James F. Masterson, Philadelphia, Pa., was on the briefs.

Jess H. Rosenberg, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Defendant's motion seeks the production of documents described in four numbered paragraphs. As to the documents described in paragraph 1 and the original time slips described in paragraph 2, plaintiff has averred that the documents are no longer in its possession, custody or control. As to the check-in sheets referred to in paragraph 2, and the documents and records referred to in paragraphs 3 and 4 of defendant's motion, plaintiff has interposed objections and response to defendant's motion.

The documents, the production of which is sought by defendant and opposed by plaintiff, are represented to contain and constitute evidence which will reflect the correct and proper charges for services rendered by plaintiff under the contracts and transactions involved in defendant's counterclaims in this case, and are required by defendant to establish at the trial the amount of the overpayments defendant alleges it has made to plaintiff, which overpayments are the bases of the recovery sought by defendant in its counterclaims.

The only issue now before the court is the validity of plaintiff's objection to the defendant's motion for call for the production of the above documents. The ground of plaintiff's objection is that the documents in question are not admissible in evidence in this court at the instance of the United States because those same documents had been previously illegally searched and seized, as plaintiff alleges, by the Government in violation of plaintiff's rights under the Fourth Amendment to the Constitution.

The facts concerning the alleged illegal search and seizure are as follows. For some time prior to May 17, 1945, this plaintiff had been performing stevedoring services at the Philadelphia Cargo Port of Embarkation under a contract with the United States. Under the terms of the contract and under applicable provisions of law the Government had the right at all times to inspect the books and records of the plaintiff herein. However, the Government did not, when it took the documents, request permission to inspect the records, but, through its military police and acting without authority or sanction of law, the Government searched plaintiff's premises and seized the records in question by force and threat of force.

On December 13, 1946, based on evidence obtained from the plaintiff's records plaintiff was indicted under section 37 of the Criminal Code, 18 U.S.C. § 88,* and was charged with conspiracy to defraud the United States by presenting false claims. Plaintiff was also charged under section 35(A) of the Criminal Code, 18 U.S.C. § 80,† with fraud against the United States for presenting false claims.

On February 10, 1947 and April 21, 1947, plaintiff moved under Rule 41(e) [1]

---

* Now 18 U.S.C.A. § 371.

† Now 18 U.S.C.A. §§ 287, 1001.

1. *"Motion for Return of Property and to Suppress Evidence.* A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without

of the Federal Rules of Criminal Procedure, 18 U.S.C. to suppress the evidence which had been so taken by the defendant. On November 20, 1947, Judge Cullen Ganey, District Court, Eastern District of Pennsylvania, filed his findings and opinion (United States v. Dugan and McNamara Inc., et al., E. D.Penna., Indictment Nos. 13997, 13998, 13978) and granted plaintiff's motions for the suppression of the evidence in the criminal case and for the return of the records to plaintiff. On December 11, 1947, Judge Ganey ordered the return of the documents to plaintiff.

Following the granting of plaintiff's motions under Rule 41(e) and the return of the records to plaintiff, one of the three indictments against plaintiff was *nol prossed* by the United States, and the two remaining indictments were disposed of without reference to any of the seized records, thus terminating all criminal proceedings against plaintiff.

Subsequent to the above order and opinion of Judge Ganey, a new grand jury was constituted and a *subpoena duces tecum* was served on plaintiff herein calling for the production of the same documents. Plaintiff filed a motion to quash the subpoena urging that the records sought thereunder had already been adjudicated to have been illegally seized,

and that under Rule 41(e) they were not admissible in evidence "at any hearing or trial." The motion to quash came up for decision before Judge Ganey who denied the motion on the ground that because the Government had the right under its contract with plaintiff and under applicable law to inspect the records sought under the subpoena, "the mere fact that they had been once before illegally seized and returned to the corporation-petitioner could not forever bar them from being used again through a proper legal channel where the right of inspection was contemplated by the parties and sanctioned by the Second War Powers Act [50 U.S.C.A.Appendix, § 631 et seq.]". From this denial of its motion to quash the plaintiff appealed to the Circuit Court of Appeals for the Third Circuit, Dugan & McNamara, Inc., et al. v. Clark, 170 F.2d 118. The Circuit Court dismissed the appeal on the ground that the order denying the motion to quash was not a final order and therefore not appealable.[2] For reasons not disclosed in this proceeding, the Government made no further effort to compel plaintiff to produce the records, despite Judge Ganey's favorable decision and the Circuit Court's dismissal of plaintiff's appeal from that decision.

Defendant here contends that plaintiff's objections to the call should be over-

warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it *shall not be admissible in evidence at any hearing or trial.* The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." [Italics supplied.]

2. Relying primarily on Cobbledick **v.** United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, the Circuit Court held that even the correctness of a trial court's rejection of a constitutional claim made by the accused in the process of a criminal prosecution must await the accused's conviction before its reconsideration may be had by an appellate tribunal, and that the same rule applied in connection with a grand jury proceeding. The Circuit Court held that plaintiff's objections *to the admission in evidence* of the documents would remain available to plaintiff and might be reasserted at any pertinent time during the progress of the criminal proceedings. The court also noted that the validity of the subpoena *might be tested if plaintiff refused to* comply with it and was committed for contempt.

ruled and defendant's motion for production and call should be granted for the following reasons: (1) the order of Judge Ganey suppressing the evidence under Rule 41(e) is not *res judicata* and binding on this court because it was an interlocutory order incidental to a criminal trial and not appealable, citing United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 1016–1017, 156 A.L.R. 1200, and therefore, before the court can make a dispositive ruling on the issues raised by plaintiff's objection to the call, it must first ascertain and determine whether the circumstances surrounding the Army's acquisition of the documents in fact and in law violated plaintiff's rights under the Fourth Amendment to the Constitution; (2) that plaintiff is premature in attempting to invoke Rule 41(e) at this stage in the proceedings, since that rule provides only that property found to have been illegally seized "shall not be admissible in evidence", and at this juncture there has been no attempt to have the records in question admitted in evidence; (3) that the Fourth Amendment to the Constitution [3] does not preclude production of the records in the proceeding in this court because the Government had the right under the contract and applicable law to inspect the documents sought to be produced, relying principally on the opinion of Judge Ganey in his second opinion overruling plaintiff's motion to quash the *subpoena duces tecum* in the second criminal proceeding, which opinion and order the Circuit Court refused to review as nonappealable; that Rule 41(e) contemplated only the suppression of evidence in a criminal and not a civil proceeding.

■ Whether or not Rule 41(e) of the Federal Rules of Criminal Procedure has any application to proceedings in this court, the protection of the Fourth Amendment to the Constitution does extend to plaintiffs in this court. In Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 344, 58 L.E. 652, the Supreme Court stated:

"* * * This protection reaches all alike, whether accused of crime or not, and the duty of giving to it force and effect is obligatory upon all intrusted under our Federal system with the enforcement of the laws. * * *"

■ Whether a person whose papers have *actually* been illegally seized (assuming that these were) in the course of a criminal proceeding and ordered returned to that person may later be required to produce those same papers pursuant to a validly issued subpoena in connection with a civil proceeding against that person, has not, so far as we know, been ruled on by the Federal courts. In the case relied on by defendant, United States v. Wallace & Tiernan Co., 336 U. S. 793, 796, 69 S.Ct. 824, 93 L.Ed. 1042, the Supreme Court merely held that production of papers on an otherwise legal subpoena was not transformed into an illegal seizure in the constitutional sense by reason of the fact that the grand jury before which the papers were produced was held later to be illegally constituted for having barred women from service thereon. The Supreme Court did not hold that documents which had been illegally seized in the constitutional sense in the course of a criminal proceeding and returned to the owner because so seized, might thereafter be required to be produced in a civil proceeding brought by the Government against the owner of the documents. Neither have the courts held that the protection of the Fourth Amendment is inapplicable to the owners of documents where the Government has a statutory or contract right to inspection of those documents. In the cases cited by defendant, the courts found that

3. The Fourth Amendment to the Constitution provides as follows:
"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

neither force or threat of force was employed to obtain the documents which, on the contrary, were sought by means of valid and legal subpoenas, or with the consent of the owners. Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477. The only case supporting defendant's position is the second opinion of Judge Ganey on May 26, 1948. In the case of In re Sana Laboratories, Inc., et al., 3 Cir., 115 F.2d 717, cited by Judge Ganey and relied on by defendant herein, the court held that where the entry by Government agents involved no illegal entry or breaking-in, and the Government had the legal right of inspection, then the knowledge obtained by Government officials as the result of the *entry* which was not unlawful, might be used in a subsequent proceeding even where the actual *removal* of the documents themselves was illegal and the documents were required to be returned to the owner. On the other hand, where the knowledge is gained by the Government's illegal *entry* or other wrongful act, then that knowledge may not be "used at all". Silverthorne Lumber Company, Inc., et al. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319.

We are of the opinion that plaintiff's right to be secure in its papers against unreasonable searches and seizures will not be violated by requiring plaintiff to produce the documents in question in response to the call. We are of the opinion that the question of whether the ultimate *admission of those documents in evidence* in connection with defendant's counterclaim would be violative of that right is a matter not presently before the court for decision, and it is not necessary for us to discuss and decide it until the matter is properly before the court; the question of whether or not the first opinion of Judge Ganey regarding the illegal nature of the search and seizure is *res judicata*, is also raised prematurely. Accordingly, plaintiff's objection to the call is overruled without prejudice, and defendant's motion for production and call as to the check-in sheets referred to in paragraph 2 thereof

and the documents and records referred to in paragraphs numbered 3 and 4 thereof, is granted.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

WHITAKER, Judge (concurring).

I concur for the reason that the Government had the contract right to inspect plaintiff's records before the alleged unlawful entry and seizure. Its present motion for call is grounded upon that right, and is not based on any knowledge obtained as the result of the alleged illegal seizure.

MADDEN, Judge, joins in the foregoing concurring opinion.