**Application of Charles F. LEAHY.**

**No. 15836.**

United States Court of Appeals
Ninth Circuit.

June 30, 1958.

Arthur D. Klang and Clark A. Barrett, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Robert H. Schnacke, and Bernard Petrie, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, Chief Judge, and POPE and HAMLEY, Circuit Judges.

PER CURIAM.

Leahy was arrested on October 25, 1957, in South San Francisco on a warrant validly issued charging him with violations of §§ 7201 and 4411 of Title 26 U.S.C.A. As an incident to the arrest, the premises where Leahy was arrested were searched and certain property and documents obtained. On November 6, 1957, Leahy began an action pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, Title 18 U.S.C.A., seeking to have the property so taken by the arresting officers returned to Leahy, or suppressed, for the reason that Leahy claimed that this property was obtained as the result of an illegal search. The same day that Leahy filed the above proceeding, November 6, 1957, the Grand Jury returned an indictment against Leahy, charging him with conspiracy to evade wagering taxes imposed by the United States, and with attempting to evade the federal excise tax on wagers.

Hearings on Leahy's motion to suppress or return were had in the District Court, and on December 4, 1957, the motion was denied in part. A timely notice of appeal was filed, and in addition, Leahy sought a stay of the criminal proceedings in the District Court pending the outcome

of his appeal. The stay was denied. Leahy is now before this Court seeking to stay the criminal proceedings pending in the District Court until such time as this Court can pass on his appeal from the order denying his motion to suppress or return seized property.

· The motion for a stay of the criminal proceedings in the District Court presented to this Court is directed to this Court's inherent power to stay proceedings until such time as the appeal pending here may be adjudicated. But before we can determine whether such a stay should be granted, we must first determine that this Court has jurisdiction of the matter on appeal.

Whether or not an order granting or denying a motion to suppress or return seized property is a final order that can be appealed has been passed on before in this Circuit. It has been held that if the motion is incidental to a pending criminal action, the order granting or denying relief is interlocutory and not appealable, and conversely, if there is no criminal action pending when the motion is made, the proceedings under Rule 41(e) are viewed as an independent proceeding, and the order made in such a proceeding is held to be an appealable order. United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200; Freeman v. United States, 9 Cir., 160 F.2d 69; Weldon v. United States, 9 Cir., 196 F.2d 874. See also Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Carroll v. United States, 354 U.S. 394, 404, 77 S. Ct. 1332, 1 L.Ed.2d 1442; United States v. Poller, 2 Cir., 43 F.2d 911, 74 A.L.R. 1382; Lapides v. United States, 2 Cir., 215 F.2d 253. A somewhat different position is taken by at least two circuits where the order is entered after the indictment, based on a motion made prior to the indictment. In such a situation, it has been held that the motion is really incidental to the criminal proceeding, and hence the order is not appealable. United

States v. Mattingly, D.C.Cir., 52 App.D. C. 188, 285 F. 922; Nelson v. United States, D.C.Cir., 93 U.S.App.D.C. 14, 208 F.2d 505; United States v. Williams, 4 Cir., 227 F.2d 149.

The primary question is whether the motion to suppress is made as an incident to a criminal proceeding, and, in this regard, the time when the motion was made has often, and is generally, viewed as the controlling factor.

■■ The proceeding to suppress or return property here was one initiated by a party who had been arrested for alleged violations of the revenue laws, and the property taken was possibly some proof of his guilt. In seeking to suppress this matter as evidence or to have it returned, it was not done without obvious concern about criminal proceedings which might be initiated at any moment. Where, as here, the motion to suppress and the indictment were filed on the same day, the decisions that rest on priority in time alone do not help us. We must look to the real purpose of the motion, to the circumstances surrounding the motion, and in so doing, we must say that the present motion appears to be incidental to the criminal proceedings, a step made in proceedings that were practically certain to be brought against Leahy. This being the case, the order denying the motion to suppress must be viewed as an interlocutory order, an order not appealable at this time, though the validity of the search and seizure may be raised in the trial court and on appeal, if there is a conviction. This practice would also seem the sounder manner in which to raise any objections Leahy may have to the search and seizure, for it avoids piecemeal trials and appeals, and encourages a prompt disposition of criminal proceedings.

In view of what we have here held, the motion for a stay is denied, and the appeal heretofore taken by Leahy is dismissed.