**J.B. MANNING CORP.; Joyce B. Manning, Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 95–55556.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 1996.*

Decided June 19, 1996.

Anthony A. De Corso, Beck, De Corso, Barrera & Oh, Los Angeles, California, for petitioners-appellants.

Warrington S. Parker III, Assistant United States Attorney, Los Angeles, California, for respondent-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.

FARRIS, Circuit Judge:

This case requires us to decide whether the good faith exception announced in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) applies to a motion for return of property under Fed.R.Crim.P. 41(e).

## BACKGROUND

The United States Customs Service suspected that the J.B. Manning Corporation was undervaluing imported items to reduce the amount of customs duties owed to the United States. After receiving an affidavit from a federal agent, a magistrate judge issued a search warrant permitting Customs Service agents to seize the following items from the Manning property:

> all debit notes and memos, general ledgers and subsidiary ledgers, invoices, purchase orders, bills of lading, carrier records, correspondence, telexes, bank records, financial records, computer records and facilities for storage and retrieval of electronic data and information, letters of credit, consumption entry forms, packing slips, purchase orders, contracts, importation log books, and merchandise samples.

Customs Service agents presented the search warrant to Joyce Manning, executed the search, and seized various items. Following the search, agents returned to Ms. Manning a laptop computer. The agents also informed Manning's lawyer that any documents identified as essential to the operation of J.B. Manning Corporation would be returned or photocopied.

Manning then filed a motion under Fed. R.Crim.P. 41(e) for a return of seized property. Rule 41(e) allows a person "aggrieved by an unlawful search and seizure" to move "for the return of the property on the ground such person is entitled to lawful possession of the property." The district court found that the search warrant was invalid because it failed to describe the items subject to seizure with particularity. The court also found, however, that the agents conducted the search in "good faith" as that term is defined in *United States v. Leon*, 468 U.S. at 922 n. 23, 104 S.Ct. at 3420, n. 23 (the inquiry into good faith entails ascertaining "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization"). The court therefore denied Manning's motion.

## STANDARD OF REVIEW

A district court's interpretation of Rule 41(e) is reviewed de novo. *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994).

## DISCUSSION

■ Under the good faith exception announced in *Leon*, the exclusionary rule does not extend to evidence obtained by officers acting in objectively reasonable reliance on a subsequently invalidated search warrant. 468 U.S. at 922, 104 S.Ct. at 3420. In *Center Art Galleries–Hawaii, Inc. v. United States*, 875 F.2d 747, 752 (9th Cir.1989), we extended the good faith exception to Fed. R.Crim. R. 41(e) motions. At the time we decided *Center Art Galleries–Hawaii*, Rule 41(e) provided that any property returned under 41(e) "shall not be admissible in evidence at any hearing or trial." *Id.* at 751. Thus, a Rule 41(e) motion and a motion to suppress were substantially the same. Rule 41(e) simply established a procedure for returning property that had been excluded as evidence. *Id.* at 752. The good faith exception to the exclusionary rule necessarily applied to Rule 41(e).

■ A month after *Center Art Galleries–Hawaii* was decided, however, Rule 41(e) was amended. Under the new rule, property returned to the owners can still be admitted as evidence at any hearing or trial. The court can order the government to return property to the owner, and yet still permit the government to introduce the property-or copies of it, in the case of documents-at trial. "Under the rule as it now exists, suppression

and return of property are separate and distinct inquiries." *Kitty's East v. United States*, 905 F.2d 1367, 1372 (10th Cir.1990).

■ In *Leon*, the Supreme Court weighed the costs and benefits of excluding "inherently trustworthy tangible evidence obtained in reliance on a search warrant issued by a detached and neutral magistrate." *Leon*, 468 U.S. at 907, 104 S.Ct. at 3412. Concluding that the costs outweighed the benefits, the Court created the good faith exception to the exclusionary rule. *Leon*'s cost-benefit analysis does not apply to the amended Rule 41(e). When a court grants a movant's motion under the amended Rule 41(e), society does not incur the costs of exclusion, as long as the government retains copies of the returned property. The current Rule 41(e) specifically allows the government to impose "reasonable conditions" on the return of property "to protect access and use of the property in subsequent proceedings." Fed.R.Crim.P. 41(e). Thus, granting a 41(e) motion does not increase the chance that "a guilty defendant[ ] may go free," which was the concern behind the good faith exception. *See Leon*, 468 U.S. at 907, 104 S.Ct. at 3412. We join the Tenth Circuit in holding that the good faith exception announced in *Leon* does not apply to Rule 41(e) as it was amended in 1989. *See Kitty's East*, 905 F.2d at 1372.[1]

If a district court determines that property has been illegally seized, the proper question in deciding the merits of a 41(e) motion is not whether the officers acted in good faith, but whether returning the illegally seized documents would be "reasonable[ ] under all of the circumstances." *See Ramsden v. United States*, 2 F.3d at 326–27. If the government's investigatory and prosecutorial interests can be served by retaining copies of the documents, it is unreasonable for the government to refuse to return original documents to the owner. *Id.* at 327.

Manning seeks return of documents. The record indicates that the government in-

formed the Mannings' attorney that the Mannings can have copies of documents essential to her business. That is insufficient. Unless it is unreasonable to do so, the government should return all original documents to the Mannings, while copying for itself documents necessary for investigation or prosecution.

The government concedes that the search warrant was overbroad and that Manning's documents were therefore illegally seized. We REVERSE the judgment of the district court and REMAND to the district court with instructions to grant Manning's 41(e) motion unless the government demonstrates that returning the original documents to Manning would be unreasonable under all the circumstances.

REVERSED and REMANDED.

---

1. Since the government did not challenge the district court's jurisdiction, we decline to consider the government's argument that good faith is relevant in determining whether the government displayed "callous disregard" for the movant's constitutional rights. *See Ramsden*, 2 F.3d at 325 (whether the government showed callous disregard is one of four factors that district courts should consider before exercising equitable jurisdiction over pre-indictment Rule 41(e) motions.)