**In re 3021 6TH AVENUE NORTH, BILLINGS, MT,**

**Gene Bridges, d/b/a Associated Tax Consultants, Claimant–Appellant,**

v.

**United States of America, Appellee.**

**No. 00–30181.**

United States Court of Appeals, Ninth Circuit.

Dismissed by Order Dec. 1, 2000

Filed Jan. 18, 2001

---

**2.** Conversely, of course, labeling an action as "disciplinary" would not be the end of the inquiry.

Robert L. Stephens, Jr., Billings, Montana, for the claimant-appellant.

James E. Seykora, Assistant United States Attorney, Billings, Montana, for the appellee.

Before: B. FLETCHER and FISHER, Circuit Judges, and SCHWARZER,* District Judge.

BETTY B. FLETCHER, Circuit Judge.

We are asked to reverse the district court's order denying Gene Bridges' ("Bridges") motion for the return of his property that was seized as part of a criminal investigation. Bridges had not been indicted for any crime at the time he filed this appeal. However, before the parties had finished briefing, Bridges was indicted and is currently scheduled to be tried before a jury. By order of December 1, 2000, we dismissed the appeal for lack of jurisdiction, and we write to explain our decision.

*Factual Background and Procedural History*

On January 7, 1999, the Internal Revenue Service, Criminal Investigation Division ("the government") began a tax fraud investigation of Gene Bridges and his company, Associated Tax Consultants ("ATC"). Through the course of this investigation, the government came to suspect that ATC was perpetrating a fraudulent tax scheme. Magistrate Judge Anderson issued the government a warrant to search ATC's business headquarters based on the signed affidavit of a government agent. The warrant was executed on January 13, 2000, and many business records and other items were seized as evidence.

On January 26, 2000, Bridges filed two motions in district court: (1) Motion for Order for Return of Business Records, Computers and Non-Contraband Business Documents Pursuant to Rule 41(e) and (2) Motion for Order Directing Government to Produce Copy of Affidavit in Support of Search Warrant. A hearing was held before the district court on March 10, 2000. The Court orally denied both motions at the close of the hearing and subsequently reaffirmed its rulings in two written orders on March 13, 2000 and March 31, 2000. Bridges filed a notice of appeal on March 20, 2000.

On June 23, 2000, the grand jury returned an indictment against Bridges. Pursuant to government motions filed on June 29, 2000, Magistrate Judge Anderson unsealed the search warrant and applications for search warrant.

On November 20, 2000, we ordered the parties to file supplemental briefs discussing whether we had jurisdiction to hear this appeal, in light of the rule first expressed in *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). Based on these briefs and our further consideration, we vacated oral argument and dismissed the appeal by order of December 1, 2000.

*Jurisdiction*

Although criminal proceedings had not yet commenced against Bridges when the

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

district court issued its orders, Bridges subsequently was indicted by the grand jury. As a result, we no longer have jurisdiction over this appeal. In *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), the Supreme Court held that "[o]nly if the motion [to suppress] is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." *Id.* at 131–32, 82 S.Ct. 654. This rule reflects the careful balancing between two competing interests: On the one hand, appellate courts should act to prevent the deprivation of seized property that is sorely needed when those deprived have no other avenues for relief. On the other hand, the appeal of a lower court's decision denying a return of property can add uncertainty and delay to an ongoing parallel criminal proceeding, especially if the legality of the search is the critical issue in the criminal trial. *See generally,* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3918.4 (2d ed.1992).

We must decide whether this motion is tied to a criminal prosecution *in esse.* Although no case from this circuit clearly controls, other circuits have held that even where appellate jurisdiction over this type of order exists at the time of filing, that jurisdiction is lost and the appeal must be dismissed whenever an indictment is returned. *E.g., Blinder, Robinson & Co. v. United States (In re Search of the Premises Known as 6455 South Yosemite),* 897 F.2d 1549, 1554 (10th Cir.1990); *United States v. Mid–States Exchange,* 815 F.2d 1227, 1227 (8th Cir.1987).

We adopt the reasoning of *Blinder, Robinson,* which comports with the prior cases in this Circuit applying *DiBella. See De-Massa v. Nunez,* 747 F.2d 1283, 1287 (9th Cir.1984); *United States v. Woodson,* 490 F.2d 1282 (9th Cir.1973). Bridges argues that the vitality of the *DiBella* rule has been called into question by the 1989 amendment to Rule 41(e). We disagree, at least in cases where proceedings have progressed to the issuance of an indictment.

Before 1989, any motion for return of property under Rule 41(e) was also construed as a motion to exclude the evidence at trial. Fed.R.Crim.P. 41(e) (1989) ("If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial.") (subsequently amended). The 1989 amendment removed this coupling of the return of property and the exclusion of evidence. Under the amended rule, "[t]he court can order the government to return property to the owner, and yet still permit the government to introduce the property—or copies of it, in the case of documents—at trial." *J.B. Manning Corp. v. United States,* 86 F.3d 926, 927 (9th Cir.1996).

Despite this change, *DiBella* continues to control in a case such as ours. Admittedly, *DiBella* was premised partly on the fact that a "ruling on the *admissibility* of a potential item of evidence in a forthcoming trial ... entails serious disruption to the conduct of a criminal trial." 369 U.S. at 129, 82 S.Ct. 654 (emphasis added). However, *DiBella* also discussed the "delays and disruptions attendant upon intermediate appeal" which are "especially inimical to the effective and fair administration of the criminal law." *Id.* at 126, 82 S.Ct. 654. Even if motions such as this one do not lead directly to the suppression of evidence, they may require the Courts of Appeals to scrutinize the legality of searches. Any ruling resulting from such scrutiny might have a legally preclusive and otherwise disruptive effect on the criminal trial below. In other words, such a motion "presents an issue that is involved in and will be part of a criminal prosecution in process at the time the order is issued." *Id.* at 127, 82 S.Ct. 654. We do not have jurisdiction in these cases because "[t]his insistence on finality and prohibition of piecemeal review discourage[s] undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." *Id.* at 124, 82 S.Ct. 654.

Furthermore, the Supreme Court's formulation of the rule in *DiBella* reveals its

concerns about more than suppression of evidence. Jurisdiction under *DiBella* requires not only that "the motion [be] solely for return of property" but also that it be "in no way tied to a criminal prosecution *in esse* against the movant." *Id.* at 131–32, 82 S.Ct. 654.

Bridges should be able to bring a Rule 41(e)/Rule 12 motion for suppression of evidence and the return of his property in the criminal proceedings. If the motion is denied, and if Bridges is convicted, he will still eventually have his day in this court. In the meantime, the continued pendency of this appeal would only cast a shadow over the lower court's proceedings.

### Mootness

Bridges had argued to the district court that he could not effectively mount a Rule 41(e) challenge to the search warrant unless he was given copies of the application and affidavit that led to the search warrant, which were filed under seal prior to the grand jury indictment. After Bridges was indicted, these items were unsealed, thus rendering the issue moot, as Bridges concedes.

DISMISSED.