**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**William Kent KILROY, Defendant–
Appellee.**

---

**1.** See United States v. Hernandez, 203 F.3d 614, 626 (9th Cir.2000).

**2.** See United States v. Nguyen, 262 F.3d 998, 1004–05 (9th Cir.2001).

**United States of America,
Plaintiff–Appellant,**

v.

**Carl Robert Droivold, Defendant–
Appellee.**

No. 01–10049.

D.C. No. CR–S–00–249–EJG.

D.C. No. CR–S–00–248–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Oct. 15, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM [1]

Pursuant to a search warrant obtained from a Nevada County, California, Superior Court Judge, police searched the business of defendant William Kent Kilroy and the home of defendant Carl Robert Droivold. Although the authorities were investigating a fraudulent vehicle transfer allegedly perpetrated by the two defendants, they seized firearms from both premises. Based on those seizures, Droivold and Kilroy were charged with firearms offenses.[2] After conducting three evidentiary hearings, the district court suppressed the evidence,[3] holding that the warrants obtained

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. Kilroy was charged as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Droivold was charged with the

illegal possession of a machine gun pursuant to 18 U.S.C. § 922(o)(1).

3. Droivold's case was originally assigned to Judge Karlton, and Kilroy's case was assigned to Judge Garcia. Given the factual similarity of the two cases, the suppression motions were consolidated before Judge Karlton.

by the investigating officer, Officer Paulus, were not supported by probable cause. The government appeals the order of suppression. We have jurisdiction under 18 U.S.C. § 3731.

## A. Search of the Kilroy Business

■ Although the district court held that the warrant to search Kilroy's business, an automobile towing establishment, was not supported by probable cause, we affirm because the warrant was overbroad. The overbreadth issue was briefed to the district court, and was discussed fully at the oral argument in this case.

The warrant obtained to search Kilroy's towing business does not comply with the requirements of the Fourth Amendment in part because it failed to identify with particularity the items to be seized. The warrant authorized the seizure of any document conceivably related to "vehicle transactions."[4] However, any lawful business transaction that Kilroy conducted necessarily related to vehicles. Thus, the warrant impermissibly both "authorize[d] wholesale seizures of entire categories of items not generally evidence of criminal activity," and provided no intelligible way of "distinguish[ing] items used lawfully from those the government had probable cause to seize." United States v. Spilotro, 800 F.2d 959, 964 (9th Cir.1986).

This case is indistinguishable from others in which we have held that if a business is a legitimate one, the government must establish with specificity those documents to be seized from a warranted search of that otherwise-lawful business. See, e.g., United States v. Kow, 58 F.3d 423, 427–28 (9th Cir.1995) (holding that a warrant was overbroad because it authorized the seizure of virtually all of a business's records, even though the government had evidence that would have supported a more particularized warrant); Center Art Galleries–Hawaii, Inc. v. United States, 875 F.2d 747, 750 (9th Cir.1989) (holding a warrant to be overbroad because it allowed the seizure of records relating to all of a gallery's artwork, rather than just the artwork by Salvador Dali that was under suspicion), overruled on other grounds, J.B. Manning Corp. v. United States, 86 F.3d 926, 927 (9th Cir.1996). Because the warrant could have been phrased much more specifically, and because it failed to set out objective standards by which officers could "differentiate items subject to seizure from those which are not," it was overbroad. Spilotro, 800 F.2d at 963. We therefore affirm the district court's order of suppression.

## B. Search of the Droivold Residence

■ The warrant obtained to search the Droivold residence is similarly overbroad.[5] The warrant referred only generally to documents related to "vehicle transactions," rather than giving specific guidance to the implementing officers as to what

---

**4.** Specifically, the warrant authorized the seizure of:

Original and copied documents including, but not limited to, file cabinets, storage containers, bank checks, personal checks, cancelled checks, letters, notes, ledgers, notebooks, papers related to lien sale transactions, receipts, computers, printers, computer programs, computer discs (including storage media programs), vehicle registration documents, bill(s) of sale, vehicle reports, work orders, storage bills, and any

other documentation tending to show vehicle transactions . . . .

**5.** The terms of the two warrants are in all material respects identical. The only differences are that the Kilroy warrant includes authorization to seize certain types of documents, such as work orders, that would only be present at a business. The Droivold warrant omits those categories of documents, but includes permission to seize the 1987 Chevrolet truck.

could be lawfully seized. Our precedent requires greater specificity. For example, in *United States v. Cardwell,* 680 F.2d 75, 77 (9th Cir.1982), we held that a warrant generally authorizing the seizure of papers related to "a violation of 26 U.S.C. § 7201" was insufficiently particular. Rather, we held that a warrant must contain information "limiting the search to evidence of *particular* criminal episodes." *Id.* (emphasis added) (citing *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976)). Here, the warrant failed to specify that the search was limited to documents relating to the transaction involving a 1987 Chevrolet truck. Accordingly, the evidence derived from this search was also properly suppressed.

AFFIRMED.