NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNTS XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND XXXX2500, _____ UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JAMES LARKIN, Real Party in Interest Defendant; JOHN BRUNST, Real Party in Interest Defendant; MICHAEL LACEY, Real Party in Interest Defendant; SCOTT SPEAR, Real Party in Interest Defendant, Movants-Appellants. | No. 19-56510 D.C. No. 2:18-cv-06742-RGK-PJW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 11, 2020**
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  O'SCANNLAIN and CALLAHAN, Circuit Judges, and M. WATSON,*** District Judge.

Appellants appeal from the district court's denial of their self-styled "Motion to Vacate or Modify Seizure Warrants."  Notwithstanding that title, Appellants' motion can only be characterized as a motion for return of property under Federal Rule of Criminal Procedure 41(g).[1]

Even assuming the district court did not err in exercising jurisdiction over the Rule 41(g) motion due to the ongoing civil forfeiture proceedings, *see United States v. United States Currency $83,310.78*, 851 F.3d 1231 (9th Cir. 1988), we have no appellate jurisdiction to review the merits of the district court's denial.

---

*** The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

[1] Appellants challenged the legality of the seizure warrants under the First, Fourth, Fifth, and Sixth Amendments.  They argued their First and Fourth Amendment rights were violated because the seized assets were proceeds of publishing activity and were protected from pre-trial seizure by the First Amendment or, at the very least, that the First, Fourth, and Fifth Amendments required heightened procedural safeguards (such as a pre- or post-seizure hearing) to justify pretrial seizure.  Under the Fourth Amendment, Appellants argued the warrant affidavits contained false statements and material omissions, entitling them to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  As to the Sixth Amendment, they argued the seizures of untainted funds prevented them from hiring counsel of choice.  Appellants do not challenge on appeal the district court's findings regarding the sufficiency of the warrant or whether the seizure violated the Sixth Amendment, focusing only on their First Amendment related arguments.

It is well settled in this Circuit that the test set forth in *DiBella v. United States*, 369 U.S. 121 (1962), for determining appellate jurisdiction applies even when seizure warrants are challenged under the First Amendment. *Andersen v. United States*, 298 F.3d 804, 808–09 (9th Cir. 2002) ("Although *DiBella* and *DeMassa* dealt with Fourth Amendment rights, the broad proscription against interlocutory review that those cases establish applies with equal force to First Amendment claims. . . . [W]e conclude that the Supreme Court would apply the *DiBella* rule even to a First Amendment claim."). And the pending criminal proceedings mean the second *DiBella* factor for immediate review—that the motion be in no way tied to a criminal prosecution *in esse*—is lacking here. *DiBella*, 369 U.S. at 131–32; *Andersen*, 298 F.3d at 807–08; *Bridges v. United States*, 237 F.3d 1039, 1040–41 (9th Cir. 2001); *United States v. Storage Spaces Designated Nos. 8 and 49 Located at 277 E. Douglas, Visalia, Cal.*, 777 F.2d 1363, 1365 (9th Cir. 1985). Thus, this Court has no jurisdiction over the interlocutory order under 28 U.S.C. § 1291.

Appellants' arguments concerning 28 U.S.C. § 1292(a)(1) and the Collateral Order Doctrine fare no better. Because Appellants do not appeal from a preliminary injunction order, § 1292(a)(1) is inapplicable. *See Andersen*, 298 F.3d at 807; *DeMassa v. Nunez*, 747 F.2d 1283, 1286–88 (9th Cir. 1984); *United States v. Pantelidis*, 335 F.3d 226, 232–33 (3d Cir. 2003). And the Collateral Order

3

Doctrine does not apply because the district court's decision is neither final nor separate from the merits of the criminal case. *See In re Sealed Case*, 716 F.3d 603, 611 (D.C. Cir. 2013); *Simons v. United States*, 592 F.2d 251, 252 (5th Cir. 1979); *United States v. Quintana-Aguayo*, 235 F.3d 682, 684–85 (1st Cir. 2000); *Application of Leahy*, 298 F.2d 233, 234 (9th Cir. 1958).

Accordingly, this appeal is **DISMISSED** for lack of jurisdiction.